SUPREME COURT. Monroe General Term, September, 1860. *E. D. Smith*, *Johnson* and *Knox*, Justices.

## THE PEOPLE v. JOHN CRAMER.

Form of an indictment for selling spirituous liquors in quantities less than five gallons, without license; of a plea thereto of *autrefois convict;* and of a replication to the plea.

On the trial of an indictment for having sold spirituous liquors without license, on the tenth of March and tenth of April, 1860, the defendant interposed a plea of *autrefois convict,* and on the trial proved by the record that he had been tried, before a Court of Special Sessions, on a charge of having, on the 16th day of April, 1857, and on the first of April, 1860, and on divers other days between these dates and the 9th of May, 1860, sold spirituous liquors in quantities less than five gallons without license, and that he was convicted of the charge and fined five dollars; it was held, that the plea was not sustained, and that, to make the defense available, the defendant ought to have proved by evidence *aliunde,* that the offenses for which he had been convicted were the same violations alleged in the indictment.

THIS case came up on *certiorari* from the Court of Sessions of Livingston county, where the defendant was tried on the following indictment :

*State of New York, County of Livingston, ss :*

The jurors of the People of the State of New York, in and for the body of the county of Livingston aforesaid, upon their oath aforesaid, present, that John Cramer, late of the town of North Dansville, in the county aforesaid, on the tenth day of March, in the year of our Lord one thousand eight hundred and sixty, at the town and in the county of Livingston aforesaid, did sell and cause to be sold strong and spirituous liquors and wines in quantities less than five gallons at a time, to divers citizens of this State, and to divers persons to the jurors aforesaid unknown, and did then and there deliver and cause to be delivered, in pursuance of such sale to the said divers citizens of this State, and to the said divers persons to the jurors aforesaid unknown, the said strong and spirituous liquors and wines in quantities less than five gallons at a time, to wit: One pint of alcohol, one pint of wine, one pint of gin,

one pint of brandy, one pint of rum, one pint of whisky, one pint of spirits, one pint of ale, one pint of strong beer, one pint of cordial, one pint of porter, one pint of distilled liquor, and one pint of mixed liquors, without having a license therefor granted as provided in the act of the legislature of the State of New York, entitled " An act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April 16, 1857, and without any lawful authority, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present that the said John Cramer, on the tenth day of March, in the year aforesaid, at the town of North Dansville, in the county aforesaid, did sell and cause to be sold strong and spirituous liquors and wines to divers citizens of this State, and to divers persons to the jurors aforesaid unknown, and did then and there deliver and cause to be delivered, in pursuance of such sale, to the said divers citizens of this State, and to the said divers persons to the jurors aforesaid unknown, the said strong and spirituous liquors and wines, to wit: One pint of alcohol, one pint of wine, one pint of gin, one pint of brandy, one pint of rum, one pint of whisky, one pint of spirits, one pint of ale, one pint of strong beer, one pint of cordial, one pint of porter, one pint of distilled liquor, and one pint of mixed liquors, to be drank in the house and shop of him, the said John Cramer, there situate, and in the outhouse yard and garden appertaining thereto, and did then and there suffer and permit the said liquors and wines so sold by him and under his directions and authority, to be drank in his house and shop, and in the outhouse, yard and garden thereto belonging, without having obtained a license therefor as an inn, tavern, or hotel keeper, and without being in any manner thereunto authorized by law, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

G. BULKLEY, *District Attorney.*

The People *v.* Cramer.

There was a third count like the first, except that it charged the offense to have been committed on the tenth day of April, 1860.

On the 27th day of April, 1860, the defendant pleaded not guilty, and afterwards, at the June term, 1860, the defendant interposed the following plea:

| The People | |
|---|---|
| *v.* | June Term, 1860. |
| John Cramer. | |

And the said John Cramer, in his own proper person, cometh into court here, and having heard the said indictment read, saith: That the People ought not further to prosecute the said indictment against him, because he saith that heretofore, to wit, at a Court of Special Sessions of the Peace, duly held by and before Thomas Romig, then and there and now a justice of the peace in and for said county, and duly authorized and empowered to hold said Court of Special Sessions, and holden at North Dansville, in said county, on the 10th day of May, A. D. 1860, he, the said John Cramer, was lawfully convicted of the said offense charged in said indictment, and that he, the said John Cramer, was also, by the said Court of Special Sessions, then and there sentenced to pay a fine of five dollars on the day last aforesaid, which said fine he paid to said Court of Special Sessions. And this he is ready to verify; wherefore he prays judgment, and that by the court here he may be dismissed and discharged from the said premises in the present indictment specified.

*Livingston County, ss:*

*John Cramer*, the defendant in the above entitled indictment, being duly sworn, says that he has heard the foregoing plea, by him signed, read, and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters therein stated upon information and belief, and as to those matters he believes it to be true.

JOHN CRAMER.

Sworn to before me, this }
5th day of June, 1860. }

THOMAS ROMIG, *Justice of the Peace.*

To which plea the following replication was put in by the district attorney :

> The People
>     v.
> John Cramer.
}
June Term, 1860.

And whereupon Gershom Bulkley, district attorney, who prosecutes for the People of the State of New York in and for the body of the county of Livingston, in this behalf says, that by reason of anything in the said plea of the said John Cramer above pleaded in bar alleged, the said people ought not to be precluded from prosecuting the said indictment against the said John Cramer, because he says that the said John Cramer was not convicted of the offense charged in the said indictment in manner and form as the said John Cramer hath above in his said plea alleged, and this the said Gershom Bulkley prays may be inquired of by the country.

And for a further replication to the said plea of said John Cramer, said Gershom Bulkley, district attorney, as aforesaid, for the county of Livingston, who prosecutes for the People of the State of New York, in and for the body of the county of Livingston, in this behalf, says that by reason of anything in the said plea of the said John Cramer above pleaded in bar alleged, the said People ought not to be precluded from prosecuting the said indictment against the said John Cramer, because he says that after the said indictment against the said John Cramer was found by the grand jury of the said People in and for the body of the said county, and after the same was presented to the Court of Oyer and Terminer in said county by the said Grand Jury, and duly filed with the clerk of said Court of Oyer and Terminer, and after the same had been by said court sent into the said Court of Sessions to be tried, to wit, on the 10th day of May, 1860, at the town of North Dansville, in said county, the said John Cramer, knowing that said indictment was found and filed as aforesaid, fraudulently and with intent to preclude and prevent himself from being tried on said indictment by and before this court, and to prevent and preclude himself from being convicted in this court

of the said several crimes in said indictment alleged, and to cause a small fine to be imposed on him by the justice herein- after mentioned, and to escape the higher, greater and severer judgment, fine, and punishment of this court, and to deprive this court of jurisdiction to try said indictment, caused an information and complaint to be made against himself for the offense in the plea of the said John Cramer mentioned, before Thomas Romig, Esquire, a justice of the peace in said plea mentioned, and did then cause a warrant for his apprehension to be issued by said justice in pursuance of said complaint against himself, and caused himself to be arrested and brought before the said justice on said warrant, and then and there being so brought before the said justice as aforesaid, fraudu- lently caused himself to be convicted as in said plea stated, of the offense in said plea mentioned, and this the said Ger- shom Bulkley is ready to verify, wherefore he prays judg- ment, and that the said John Cramer may be convicted of the premises in the said indictment above specified.

G. BULKLEY, *District Attorney.*

The defendant then put in a rejoinder, denying all the alle- gations of the replication.

The issue thus joined, and the indictment, came on to be tried at a Court of Sessions held in and for the county of Liv- ingston, on the 6th day of June, 1860, before the county judge and the justices of the sessions.

The defendant, on the trial aforesaid, proved and introduced in evidence, the following record of conviction:

"*Livingston County, ss :*

I, the undersigned, a justice of the peace of said county, do hereby certify, that at a Court of Special Sessions of the Peace, duly convened and held at the house of Thomas Romig, the undersigned, in the town of North Dansville, in said county, before me, the undersigned, Thomas Romig, for the trial of John Cramer, charged on the oath of Adam Ehle with having, on the 16th day of April, 1857, and on the first day of April, 1860, and on divers other days between those times

and the 9th day of May, 1860, at the place aforesaid, sold spirituous and intoxicating liquors in quantities less than five gallons, in violation of the law of the State of New York, passed April 16, 1857, entitled "An act to suppress intemperance, and to regulate the sale of intoxicating liquors." The said John Cramer then and there elected to be tried for said offense before me as such Court of Special Sessions, and pleaded guilty to the charge against him so made as aforesaid, whereupon the said John Cramer was duly convicted by such court of said offense, and upon such conviction the said court did adjudge and determine that for the said offense the said John Cramer should pay a fine of five dollars, and the said fine has been paid to the said court by the said John Cramer.

In witness whereof, I have hereunto set my hand at the town of North Dansville, the 10th day of May, 1860.

THOMAS ROMIG, *Justice of the Peace.*"

It was also admitted on said trial, that the defendant is the same person of that name mentioned and described in said record of conviction. The testimony here closed.

The district attorney requested the court to charge the jury that the evidence was not sufficient to sustain the plea. That it did not appear that the offense charged in the indictment was the same offense described in the record of conviction, and of which the said defendant was convicted before the Court of Special Sessions.

The court charged the jury that there was no legal evidence to show that the offense described in the record of conviction produced in evidence was the same offense described in the indictment, and that, therefore, it was their duty to find that the plea was not sustained by the evidence: that the conviction mentioned and described in the record of conviction introduced in evidence was not a bar to a recovery upon the indictment in this case.

To this charge the counsel for the defendant excepted.

The jury rendered a verdict, under the direction of the court, that the plea of *autrefois convict* so put in by said defendant, was not sustained by the proof.

The People *v.* Cramer.

*G. Bulkley* (District Attorney), for the People.

*Hendee & Adams*, for the defendant.

KNOX, J. On the third Monday of April, 1860, the defendant was indicted for violating the excise law. The indictment charged that the offenses were committed on the 10th of March, 1860, and on the 10th of April, 1860.

On the 10th of May, 1860, the defendant was convicted by a Court of Special Sessions of Livingston county, where the offenses alleged in the indictment were committed, of having violated the excise law, "on the 16th day of April, 1857, and on the 1st day of April, 1860, and on divers other days between those times and the 9th of May aforesaid," and was fined $5, which was paid.

On the 10th of May, 1860, at a Court of Sessions in said county, the indictment came on for trial, when the defendant pleaded, in bar of the indictment, this conviction before the Special Sessions, upon which issue was joined, when the jury, under the direction of the court, found the plea of the defendant not sufficient. The only evidence in support of the plea was the record of conviction of the Court of Special Sessions. The court charges the jury that there was no legal evidence to show that the offenses mentioned in the record of conviction produced in evidence were the same offenses set forth in the indictment, and that the record was not a bar. Was this decision right?

It is very obvious that the record of conviction does not show that the defendant was convicted of the same offenses, before the Special Sessions, of which he is charged in the indictment. The offenses in the indictment are alleged to have been committed on the 10th of March and 10th of April, 1860; and, although the record shows that the defendant was convicted of offenses of a similar character, committed on the 16th of April, 1857, and the 1st of April, 1860, and on divers other days between those times and the 9th of May, 1860, which time may cover the time set forth in the indictment, it

does not show that they were the identical offenses charged in the indictment. A plea of "*autrefois convict*" cannot be established without such proof. It is clearly possible for the defendant to have committed many violations of the excise law, during the period alleged in the record of conviction, which might not be the same violations charged in the indictment, and, therefore, if he was convicted of the same identical offenses, he should have proved the fact by evidence outside the record. (*See* 1 *Park. Cr. R.*, 184, *and cases there cited.*)

The plea alleges that the defendant was lawfully convicted of the offenses charged in the indictment. As the plea admitted the commission of the offenses, the only question was, were they the same offenses? As the record did not show that they were identical, it lay with the defendant to establish, by proof, *aliunde*, that such was the fact. This he did not do, or attempt to do.

The decision of the judge was correct, and the verdict right.

Proceedings remitted.

---

SUPREME COURT. New York General Term, November, 1861. *Clerke*, *Ingraham* and *Sutherland*, Justices.