## COMMONWEALTH *vs.* WILLIAM J. SUTHERLAND.

An acquittal upon one indictment for receiving stolen goods is no bar to the prosecution of the same defendant upon another, without further proof of the identity of the offences than that the goods described in the second indictment are such that the averments of the first indictment might describe them.

INDICTMENT found and returned at November term 1871 of the superior court in Suffolk, for receiving on July 1, 1871, at Boston, knowing the same to have been stolen, " one piece of cloth, to wit, one and a half yards of vesting, each yard of the value of five dollars ; one piece of cloth, to wit, one yard of black broadcloth, of the value of six dollars ; one piece of cloth, to wit, one and one half yards of broadcloth, each yard of the value of six dollars ; one piece of cloth, to wit, two and one half yards of blue broadcloth, each yard of the value of six dollars ; one piece of cloth, to wit, two and one half yards of doeskin, each yard of the value of six dollars ; of the property, goods and chattels of one Zaccheus B. Ingalls."

At the trial in the superior court, before *Lord*, J., the defend-ant was found guilty and alleged exceptions. The bill of excep-tions first stated that the defendant pleaded not guilty and on the trial offered to prove a former acquittal; that the judge per-mitted him to introduce his evidence on that point, without any special plea; and that the defendant introduced evidence of his acquittal on an indictment found and returned against him at August term 1871 of the superior court in Suffolk, for receiving on July 1, 1871, at Boston, knowing the same to have been stolen, " one hundred yards of woollen cloth, each yard of which was of

the value of four dollars, of the property, goods and chattels of Zaccheus B. Ingalls and Peter Ramer." It then continued thus:

" The defendant prayed for a ruling that, if the jury should find that all the goods described in the present indictment were woollen cloth, the former acquittal would be a bar to the present indictment, because they could in that event have been proved under the former indictment. The judge declined so to rule, and instructed the jury that upon the face of the two indictments the offences charged were not necessarily the same; that, if they. should find that the goods described in the present indictment were the same goods described or intended to be described by the former indictment, then the former acquittal would be a bar; that it must appear that the offence of which the defendant was acquitted was the same on which he was now on trial; and that, unless it so appeared from all the evidence in the case, it would be no bar to this indictment.

" There was evidence tending to show that all the goods mentioned in the present indictment were made of woollen and were thus woollen cloth; though the same evidence tended to show that certain of them would not properly be called woollen cloth There was also evidence tending to show that the Ingalls named in this indictment was a member of the firm of Ingalls & Ramer. No evidence was offered, on either side; as to the goods referred to in the former indictment, nor by whom stolen, nor when, nor any circumstances attending the former trial, nor what was in issue; and there was no evidence of the identity of the offences, except the introduction of the former indictment. The defendant excepted to the charge of the court as given, and to his declining to charge as requested."

*P. H. Hutchinson*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. An acquittal of the charge of larceny of certain goods is not a bar to an indictment for the larceny of certain other goods, although the last mentioned goods are of such a character that the language of the first indictment might describe them. Therefore the refusal to adopt the defendant's request for instructions, and the instructions given, were right.

*Exceptions overruled.*