## BRINKMAN v. THE STATE.

LIQUOR LAW.—*Sale to Minor.*—*Indictment.*—An indictment for selling intoxicating liquor to a minor, alleging him to have been, at the time and place of such sale, "then and there a person under the age of twenty-one years," is sufficient.

SAME.—*Evidence.*—*Former Conviction.*—Evidence of a former conviction is admissible under the general issue.

SAME.—*Once in Jeopardy.*—*Same Evidence in Two Prosecutions.*—Two indictments having been returned against a defendant, each charging an unlawful sale of intoxicating liquor, on the same day, to the same person, the State, on the trial of the first, on which the defendant was convicted, introduced evidence of two unlawful sales to such person, made by the defendant on the same day, without any election having been made by the prosecuting attorney as to which of such sales he would insist upon for a conviction. · On the trial of the second indictment, evidence was intro-

duced by the defendant of such former conviction, and that the evidence in each prosecution related to the same sales.

*Held*, that the defendant had once been put in jeopardy, and that a conviction on the second indictment, on the same evidence, was erroneous.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

PERKINS, C. J.—Indictment for selling intoxicating liquor in a less quantity than a quart, etc., by Barney Brinkman, to one, James DeArmond, " he, the said James DeArmond, being then and there a person under the age of twenty-one years."

A motion to quash, on the ground that the minority of DeArmond was not alleged with sufficient particularity, was overruled. It is claimed that his age should have been stated.

We think the indictment unobjectionable. The defendant was tried by the court and convicted. On the trial, the defendant proved, that, on the day previous to that of the present trial, he had been convicted, on a similar indictment, charging a selling, in a less quantity than a quart, to the same person, etc., on the same day named in the indictment in the present case. He introduced on the trial a record of that conviction, and also the evidence on which it was based. Former conviction or acquittal was admissible under the general issue.

The testimony touching the sales of liquor, given on the former trial, was as follows:

James DeArmond testified: I was in the defendant's saloon on the 23d day of June last; (the day the selling was charged to have taken place in both indictments.) I bought of the defendant on that day, at his saloon, a drink, of what is called " kimmel." I bought three glasses. Isaac Lewis and James Burke were with me. About two hours after this drink, I drank again of the same " kimmel." I took the second drink a few minutes after dinner.

Isaac Lewis testified: I was in the saloon with De-Armond, on the 23d of June, the day named in the indictment, and drank with him. It was in the afternoon.

There was testimony also, on the trial upon the first indictment, tending to show that DeArmond was a minor, that "kimmel" is an intoxicating liquor, and that the saloon of defendant was in Decatur county. There was a verdict of guilty on the trial upon the first indictment, a fine assessed, and final judgment rendered against the defendant.

There is nothing in the record enabling any one to determine, whether the conviction was for the liquor furnished in the forenoon or afternoon.

On the trial upon the second indictment, evidence was given of the procuring from the defendant, and of the drinking, of the same kind of liquor, by the said DeArmond, in the forenoon and in the afternoon of said 23d day of June, and there was a general finding of guilty, and a fine imposed, the record containing nothing by which it can be determined by any one, whether the second fine was for the liquor furnished and drank in the forenoon or in the afternoon. The first trial was by a jury, the second by the court.

On the trial upon the second indictment, the defendant, as we have said, gave in evidence the record of the first trial, and the evidence given upon it, as establishing a former conviction, but the court, nevertheless, found the defendant guilty. A motion for a new trial was made and denied, and exception taken.

As neither indictment designated the part of the day—the 23d of June—in which the sale charged in it took place, and as two were charged to have taken place on that day, one in each indictment, the prosecutor should have stated as to which sale he would direct the evidence on each of the several trials, so that the records severally might show an acquittal or conviction on each alleged sale. By that course, the defendant would have been

Brinkman *v.* The State.

protected from conviction twice for the same selling. But by the mode, adopted by the prosecution, of giving evidence as to both sales on each indictment, both convictions may have been secured for the same selling. Suppose, for example, the jury, on the trial upon the first indictment, having the evidence as to both alleged sales before them, found that one of said alleged sales was not satisfactorily established, but that the other was; they would have been justified in returning a verdict of guilty. Suppose, on the trial by the court upon the second indictment, as was the case here, the evidence as to both alleged sales was given, and the court was satisfied that the same alleged sale, regarded as not proved by the jury, was not proved before it, but that the other was, and convicted the defendant; the conviction would be justified by the evidence for the State, and the defendant be twice convicted for the same offence; and this result would be brought about by the action of the State.

Under the state of facts presented, which may have occurred in this case, it would be impossible for a defendant to prove an actual former acquittal or conviction; but he could show that he might have been acquitted or convicted on the former trial, that evidence touching his case had been given on a former trial, and that it had been submitted to a court or jury, which had passed upon it.

In such case, we think the party is entitled to an acquittal, on the ground of former conviction or acquittal, where he shows that his case has been previously submitted to a court or jury that might have convicted or acquitted him. He shows in such case a previous jeopardy.

The judgment below is reversed, and the cause remanded for a new trial.