## THE STATE v. MAXWELL.

1. **Criminal Law:** EVIDENCE: IDENTITY OF OFFENSES. Where a person was convicted upon a trial on information before a justice of the peace, and he appealed to the District Court, it was competent upon the trial there, in order to establish the identity of the offenses, to show by the testimony of the justice that the evidence offered upon the two trials was the same

2. ———: FORMER CONVICTION: FRAUD. Where, upon a defense based on a former conviction, the State seeks to avoid its effect on the ground that the ju lgment was obtained through fraud, the burden is on the State to establish the fraud.

*Appeal from Cedar District Court.*

MONDAY, JUNE 9.

THERE was filed before a justice of the peace an information charging the defendant with the commission of an assault and battery.

The defendant pleaded not guilty, and a former conviction for the same offense.

Being convicted the defendant appealed to the District Court, where there was a trial on the same issues, the defendant was again convicted, and he appeals.

*Piatt & Carr,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

SEEVERS, J.—The State introduced evidence tending to establish the crime charged and rested. Whereupon the defendant introduced as a witness R. Pritchard, who testified he was a justice of the peace, and his docket was admitted in evidence. It tended to show a former conviction for the same offense. The information filed before the justice was also introduced, and tended

to prove the same thing. The defendant then asked Pritch-ard "whether the offense which is charged in that informa-tion is the same one that has been testified to here to-day by these witnesses," and also "whether or not the evidence was the same?" These questions were objected to because imma-terial and incompetent. The objections were sustained. The object of the proposed evidence was to show the identity of the two offenses, and it should have been admitted. The Attorney General insists that the mere opinion of the wit-ness was sought, and that what the witnesses testified to be-fore the justice was immaterial, or, rather, incompetent. But we think if the witnesses were the same and they described a certain transaction, any one who heard them on both occa-sions could properly state such fact. Such evidence would tend to prove the identity of the two offenses. It was not admissible for any other purpose. Properly speaking, it was not an opinion the witness was asked to communicate, but a fact that occurred in his presence.

II. The defendant introduced as a witness one Fritz, who gave evidence tending to show that he was present at the time the offense for which the defendant was then being tried was committed. He was asked to "state the facts as they occurred there at the bridge." This question was objected to by the State as being immaterial, and the objection was sustained. As the record is presented to us we are at a loss to understand why the objection was either made or sustained.

The defendant had pleaded not guilty, and such issue was then being tried. The evidence on the part of the State bore alone on that issue, and the defendant sought by the ques-tion to show the facts were not as the witnesses on the part of the State had testified. If admitted the innocence of the defendant might have been established.

The Attorney General suggests that it appeared in evidence that the defendant had procured the information to be filed before the justice, and that he had, therefore, substantially

acknowledged his guilt. Therefore the error was not preju-
dicial. There is much force in this suggestion. But as the
defendant did not, before the justice or in the then pending
trial, plead guilty, we are of the opinion the question of his
guilt was one to be determined by the jury. It was not for
the court to say, as the issues were made up, that the de-
fendant should not be allowed to make the attempt, how-
ever feeble it may have appeared to the court, to prove he
was not guilty. The proposed evidence should have been
admitted.

III. The theory of the State was that the conviction before
Pritchard was procured by the defendant through fraud;
2. ——: for-  therefore the State claimed the conviction was
mer convic-
tion: fraud.  void and it was not concluded thereby. The de-
fendant insists the third instruction given the jury cast upon
him the burden of proving not only the former conviction but
that also the trial was full and fair, and that the conviction was
not obtained through fraud. If this be the meaning of the
instruction it is without doubt, we think, erroneous. It de-
volved on the State to prove the fraud, and thus avoid the
force and effect of the conviction. There is some doubt as to
the meaning of the instruction, and, as the cause must be
reversed on other grounds, we deem it proper to say that on
the retrial the defendant should have an instruction given the
jury which casts the burden of proving the fraud on the State.

REVERSED.