No. 8884.

## BRYANT *v.* THE STATE.

CRIMINAL LAW.—*Assault and Battery.—Felonious Intent.—Verdict.—Acquittal.*—Where, on an indictment for assault and battery with intent to kill, a verdict was returned, finding the defendant guilty of assault and battery only, it is equivalent to an express finding that the defendant is not guilty of the felony charged.

SAME.—*Evidence.—Former Conviction.—Once in Jeopardy.*—On said trial the evidence showed that the defendant, prior to the finding of the indictment, had been arrested, tried, found guilty and fined before a justice of the peace for the same assault and battery, the injured party having been subpœnaed as a witness.

*Held,* that the defendant having once been put in jeopardy, the verdict on the trial of said indictment was contrary to law, and a judgment thereon erroneous.

SAME.—*Plea of Former Conviction.*—Evidence of a former conviction for the same offence is admissible under the general issue.

From the Boone Circuit Court.

*W. B. Walls* and *S. M. Burke*, for appellant.

*D. P. Baldwin*, Attorney General, *W. R. Moore*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

HOWK, J.—In this case the indictment charged, in substance, that the appellant, on the 23d day of March, 1880, in Boone county, Indiana, did unlawfully, purposely, feloniously, and with malice, in a rude, insolent and angry manner, touch, strike, beat and wound one George W. Frost, by then and there unlawfully, feloniously, purposely, and with malice, touching, striking and wounding him, said Frost, with a certain dangerous and deadly weapon, to wit, a stick and handspike, which the appellant then and there in his hands had and held, with intent then and there unlawfully, feloniously, purposely, and with malice, to kill and murder him, said Frost, contrary, etc.

On arraignment and a plea of not guilty, the appellant was tried by a jury, and a verdict returned, finding him guilty of an assault and battery, and that he be fined in the

sum of forty dollars. His motion for a new trial having been overruled, and his exception entered to this decision, judgment was rendered against him on the verdict for the fine and costs.

The only error assigned by the appellant is the decision of the court below in overruling his motion for a new trial. The causes assigned for such new trial were, that the verdict was contrary to law and evidence, and because the evidence showed the former trial and conviction of the appellant for the same offence.

The silence of the verdict in regard to the felonious intent charged in the indictment was equivalent to an express verdict that the appellant was not guilty of the felony for which he had been indicted. *Billings* v. *The State*, 56 Ind. 101; *Bonnell* v. *The State*, 64 Ind. 498.

The evidence on the trial of this cause is properly in the record, and it shows very clearly, we think, that the verdict of the jury was contrary to law. The uncontradicted evidence, both oral and written, admitted without objection, showed that, on the 23d day of March, 1880, the date mentioned in the indictment in this case, an affidavit was filed with a justice of the peace of Boone county, charging the appellant with the commission of the same assault and battery, on the same George W. Frost mentioned in said indictment; that, on the same day, the justice issued his warrant for the arrest of the appellant upon said affidavit, and a subpœna for the injured party, Frost; and that, on the next day, March 24th, 1880, the appellant having been arrested and Frost duly subpœnaed, upon a trial of the cause then had by the justice, the appellant was found guilty of said assault and battery, and a judgment was then rendered against him for a fine and costs. Upon the foregoing facts, clearly shown by the record, the judgment against the appellant, in the case at bar, can not be sustained. The indictment in this case was not found until the 29th day of

April, 1880, or more than a month after the appellant had been convicted and fined by the justice, in due form of law, and without any pretence, or even suspicion, of fraud, for the same assault and battery charged in the indictment. In section 14 of the bill of rights in the constitution of 1851, it is provided that "No person shall be put in jeopardy twice for the same offence." The law does not, and this court will not, justify or sustain the judgment below in this case, imposing upon the appellant, as it clearly does, a second jeopardy and punishment for one and the same offence. *The State v. George*, 53 Ind. 434; *The State v. Hattabough*, 66 Ind. 223.

It was not necessary that the appellant should plead specially his former conviction in bar of the assault and battery charged in the indictment in this case; for, in section 97 of the criminal code, it is provided that, "In all criminal prosecutions, the defendant may plead the general issue orally, which shall be entered on the minutes of the court, and under it every matter of defence may be proved." 2 R. S. 1876, p. 398. Under this provision this court has repeatedly decided, and correctly so, we think, that a former conviction for the same offence may be proved, under the general issue, and without a special plea thereof, in bar of the pending prosecution. *Lee v. The State*, 42 Ind. 152; *Brinkman v. The State*, 57 Ind. 76; and *Wilkinson v. The State*, 59 Ind. 416.

For the reasons given, we are of the opinion that the verdict of the jury in this case was contrary to the law and the evidence, and that, for this cause, the court clearly erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.