No. 10,123.

## BURK v. THE STATE.

CRIMINAL LAW.—*Perjury.*—*Sufficiency of Indictment.*—Under the criminal code, section 1747, R. S. 1881, it is only necessary, in an indictment for perjury, to set forth the substance of the controversy or the matter in respect to which the crime was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with the proper averments to falsify the matter whereof the perjury is assigned, without setting forth any part of the record or proceeding, or the commission or authority of the court or other authority before which the perjury was committed.

SAME.—*Materiality of Testimony.*—It must appear, though it need not be alleged in express terms, in an indictment for perjury, that the testimony given, and alleged to be false, was touching a matter material to the point in question.

SAME.—*Pleading.*—*Former Acquittal.*—*Jeopardy.*—A plea of former acquittal is sufficient, if it shows that the defendant had been indicted, tried and acquitted, in a court of competent jurisdiction, for the same felony charged in the indictment in the pending case; for the fundamental law forbids, that a person charged with crime be put in jeopardy twice for the same offence.

From the Montgomery Circuit Court.

*M. D. White, G. W. Paul* and *J. E. Humphries,* for appellant.

*D. P. Baldwin,* Attorney General, *J. H. Burford,* Prosecuting Attorney, and *M. Thompson,* for the State.

HOWK, J.—On the 16th day of December, 1881, an indictment was duly found and returned into the court below, charging the appellant, Nelson Burk, with the crime of perjury. At the February term, 1882, of the court, the appellant appeared in person and by counsel, and moved the court in writing to quash the indictment, which motion was overruled, and the appellant's exception was duly saved to this ruling. The appellant then filed a written plea in bar of the further prosecution of said indictment; and to this plea the State, by its attorneys, demurred, upon the ground that it did not state facts sufficient to constitute a defence to the indictment, or to bar this prosecution. This demurrer was sustained by the court, and to this ruling appellant excepted. Upon arraignment on the indictment the appellant refused to plead thereto; and thereupon a plea of "not guilty" was entered by the court, and to such action of the court the appellant excepted.

The issues joined were tried by a jury, and a verdict was returned finding the appellant guilty, as charged in the indictment, and assessing his punishment at confinement in the State's prison for two years, and a fine in the sum of fifty dollars, and disfranchisement and incapacity to hold any office of trust or profit for two years. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

In this court the appellant has assigned as errors the following decisions of the circuit court:

1. In overruling his motion to quash the indictment;

2. In sustaining the State's demurrer to his special plea in bar; and,

3. In overruling his motion for a new trial.

1. The indictment charged, in substance, that the appellant, "Nelson Burk, on the 27th day of October, 1881, at and

in the county of Montgomery, and State of Indiana, before one William Armstrong, a duly elected, qualified and acting justice of the peace, in and for Franklin township, in the county of Montgomery, and State of Indiana, then and there sitting as a court, a certain issue between one Andrew J. Mc-Maken and one John Miller, in a certain suit and complaint for one hundred and eighty dollars, for money had and received of said Andrew J. McMaken by the said John Miller, wherein the said Andrew J. McMaken was plaintiff and the said John Miller was defendant, came on to be heard and tried in due form of law; the said justice of the peace then and there sitting as a court, and having then and there competent authority in that behalf, and the said issue was being tried then and there by a jury of the county, duly sworn and taken between the parties aforesaid, upon which said trial one Nelson Burk then and there appeared as a witness for and in behalf of said plaintiff Andrew J. McMaken, and was then and there duly sworn as such witness by the said William Armstrong, as such justice of the peace, then and there having full power and competent authority to administer the said oath to the said Nelson Burk, as such witness in that behalf; that upon the trial of said cause and issue joined between the said parties aforesaid, it then and there became and was material to the said issue and point then and there in question, whether the said plaintiff in said cause, the said Andrew J. McMaken, did, on the 13th day of August, 1881, at the city of Crawfordsville, in the county of Montgomery, and State of Indiana, purchase of the said defendant in said cause, John Miller, the cattle mentioned in the complaint of said Andrew J. McMaken against John Miller, in said cause, and pay said John Miller on the purchase price thereof a sum of money; and the said witness Nelson Burk, then and there on the trial of said cause, and on the trial of said issue, upon his oath aforesaid, unlawfully, feloniously, wilfully, corruptly and falsely before the justice, the court and jury aforesaid, did depose and swear, in substance, and to the effect following, that is to

say : that said Andrew J. McMaken, plaintiff in said cause, did, in his presence, on the 13th day of August, 1881, at the city of Crawfordsville, Indiana, buy said cattle of and from the said John Miller, and then and there paid to the said Miller a sum of money upon the purchase price of said cattle, and that the said Andrew J. McMaken did, on the 13th day of August, 1881, between the hours of two o'clock P. M. and five o'clock P. M., of said day, near the alley between the Joel clothing store and Gregg's hardware store, in the city of Crawfordsville, Indiana, pay the said John Miller a sum of money for said cattle.   Whereas, in truth and in fact, the said Andrew J. McMaken did not buy said cattle of and from the said John Miller on the 13th day of August, 1881, or at any other time, and pay a part of the purchase price on said cattle in the city of Crawfordsville, or any other place ; and whereas, in truth and in fact, the said Andrew J. McMaken did not on the 13th day of August, 1881, between the hours of two and five o'clock P. M., of said day, at the city of Crawfordsville, Indiana, or any other place, pay the said John Miller a sum of money on the price of said cattle, all of which was well known to the said Nelson Burk at the time he so testified. Wherefore the said grand jury, on their oath aforesaid, do charge and present that the said Nelson Burk, in manner and form as aforesaid, did then and there feloniously, wilfully, corruptly and falsely commit wilful and corrupt perjury, contrary to the form of the statute," etc.

It will be seen that the indictment charged that the alleged offence was committed by the appellant on the 27th day of October, 1881.   At that time the act of April 14th, 1881, concerning public offences and their punishment, had taken effect, and was in force.   In section 101 of said act (section 2006, R. S. 1881), it is provided as follows : " Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly, and falsely touching a matter material to the point in ques-

tion, shall be deemed guilty of perjury, and, upon conviction thereof, shall be imprisoned in the State prison," etc.

In section 173 of the criminal code of 1881 (section 1747, R. S. 1881), it is provided as follows: "In an indictment or information for perjury or subornation of perjury, it shall only be necessary to set forth the substance of the controversy or the matter in respect to which the crime was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with the proper averments to falsify the matter whereof the perjury may be assigned, without setting forth any part of any record or proceeding or the commission or authority of the court or other authority before which the perjury was committed."

With these statutory provisions before us, we will briefly consider and decide the points made by the appellant's counsel in discussing the alleged error of the trial court in overruling the motion to quash the indictment. It is claimed by counsel that the indictment is insufficient, because it does not allege that any complaint was filed before the justice, Armstrong, and does not show how the issue was formed or how the case got before the justice; and many decisions of the courts of last resort in other States are cited, for the purpose of showing that such allegations were necessary to the sufficiency of the indictment. We deem it unnecessary for us to consider the cases cited, for, upon the points under consideration, the statute of this State expressly declares that, in an indictment for perjury, "it shall only be necessary to set forth the substance of the controversy or the matter in respect to which the crime was committed." Under this statutory provision, it was wholly unnecessary, we think, that the indictment should allege that a complaint was filed before the justice, or show how the issue was formed, or how the case got before the justice. It will be seen from the indictment, the substance of which we have given, that it did set forth the substance of the controversy in respect to which the crime was

committed, and this was all that was necessary under the statute.

It is further claimed by appellant's counsel that the indictment is bad, because it does not allege that the trial was before Justice Armstrong and a jury; but, by reference to the indictment, it will be seen, as we think, that this fact is alleged with sufficient certainty. Counsel also complain of the grammatical construction of the indictment, and of the many lines that intervene between the noun and the verb; but, if it were conceded that their criticism, in this respect, were well founded, we do not think that it would afford any sufficient ground for quashing the indictment. For, notwithstanding the defect complained of, we are of the opinion that the indictment states the offence charged with sufficient certainty.

Again, the appellant's counsel say, "The indictment must allege that the testimony was material, not that it became a material question, but that the testimony given was material; and the indictment must show that the testimony given was material. There is no allegation that the testimony given by defendant was material to the issue or point in question." If counsel claim that the indictment was bad, because it did not allege, in so many words, that the testimony given by defendant was material, we do not think that such claim is well taken, or can be sustained. It must appear from the indictment that the testimony given was, in the language of the statute defining the offence, "touching a matter material to the point in question;" but certainly it was not necessary that the indictment should allege, in express terms, that the testimony given was material to the point in question. For such an allegation would be nothing more than the mere statement of an inference or conclusion, deduced from the testimony given, and not the statement of a fact forming a constituent part of the offence charged. Under the criminal code of this State, an indictment must contain "a statement of the facts constituting the offence," and not of inferences or conclusions, whether of

law or of fact.  Crim. Code of 1881, section 157 ; section 1731,
R. S. 1881 ; *Howard* v. *The State,* 67 Ind. 401.

Many other objections are urged in argument, by the ap-
pellant's counsel, to the sufficiency of the indictment in this
case ; but these objections seem to us to have reference solely
to the supposed uncertainty of the indictment, in charging the
offence.    Without examining these objections separately, we
may say generally that we are of the opinion, under the pro-
visions of the statutes of this State  bearing upon the offence
charged and the description thereof, the indictment was suf-
ficient.    The offence charged, and the facts constituting the
same, were set forth with sufficient clearness, and with such a
degree of certainty that the court could pronounce judgment,
upon a conviction, according to the right of the case, and we
have not found any such defect or imperfection in the indict-
ment as would tend even, in our opinion, to the prejudice of
the substantial rights of the appellant upon the merits.

Our conclusion is, therefore, that the court committed no
error in overruling the appellant's motion to quash the in-
dictment.

2. Did the trial court err in sustaining the State's demurrer
for the want of sufficient facts, to the appellant's plea in bar
of this prosecution ?   In this plea, the appellant alleged in sub-
stance, that the State of Indiana ought not further to prose-
cute the indictment in this case, because he said that there-
tofore, to wit, at the circuit court begun and held at the court-
house, in Crawfordsville, in said Montgomery county, the ap-
pellant was put upon trial, upon an indictment found by the
grand jury of said county, and in the indictment upon which
he was tried, it was alleged that, at and in the county of Mont-
gomery, and State of Indiana, the appellant did feloniously,
wilfully, corruptly and falsely swear upon oath, that he did,
at the city of Crawfordsville, Indiana, see Andrew J. Mc-
Maken, in his presence, buy the cattle charged to be stolen, of
John Miller, on the 13th day of August, 1881, between the
hours of two and five o'clock P. M., and then and there pay

the said John Miller a sum of money on the purchase price
of said cattle, between Joel's clothing store and Gregg's hard-
ware store, in the city of Crawfordsville, Indiana; and it was
alleged in the indictment he was then tried upon, that said
facts were not true, and that appellant was guilty of perjury.
And the charge of perjury in the indictment, that appellant
was tried upon, was the same language, in substance and effect,
as is charged in this indictment, and was in substance the same
negation as the negation in the indictment in this case; and
the State introduced in evidence, and relied for a conviction
on the same evidence that the State will introduce in this case,
and all the same facts and circumstances were introduced in
evidence, and the State sought to convict the appellant in that
case, and upon the charge he was tried on, by the same evi-
dence the State will introduce in this case; that, upon the trial
of the other case, the appellant objected to and protested against
the State using said evidence, and the court held said evidence
competent, and allowed it all to go to the jury, and the State
put all of the evidence it will use in this case before the jury
in the other case, and all of the same facts, circumstances,
witnesses, transactions and statements were introduced in ev-
idence against the appellant; and he was compelled to go
through the said trial and defend himself upon the same facts,
circumstances and transactions charged in the indictment in
this case, and he met the same witnesses and the same evi-
dence, the same charge and the same evidence, on the other
trial, and he objected, protested and excepted to the facts, ev-
idence and circumstances being introduced against him, but
the court ruled it proper, and put him upon the trial of the
same evidence and circumstances mentioned in this case. Said
trial took place at the February term of the Montgomery
Circuit Court, and on the 21st day of February, 1882, the
jury in said other case returned a verdict of not guilty, and
which judgment is in full force and effect, and unreversed.
And the appellant said, that he was the same Nelson Burk
that was so tried and acquitted, and the same facts and cir-

cumstances were put in evidence upon the cause he was tried and acquitted upon, and the State proved that he was sworn and testified to the same facts, circumstances and transactions, as stated in the indictment in this case, and proved it on the 27th day of October, 1881, and did not elect to prosecute him for any particular time, but put all the evidence in this case before the jury on the other trial, and he was duly acquitted,. and the same charge, same facts and same statements were all put in evidence in said former case, and the charge upon which he was tried and acquitted was for stating, in substance and in effect, the same words that he was charged with stating in the indictment in this case. And this the said Nelson Burk was ready to verify. Wherefore the appellant prayed judgment, if the State ought to further prosecute the said indictment against him, in respect of the said offence therein mentioned, and that he might be dismissed and discharged from the said indictment.

We are of the opinion, that the facts stated in the appellant's plea were sufficient, if true, and the demurrer of the State concedes their truth, as they seem to be well pleaded, to constitute a good plea of former acquittal on another indictment, charging him with the commission of the same crime for which he was prosecuted in this case. The plea states, with sufficient certainty, as it seems to us, the identity of the felony charged in the indictment, in the case at bar, with that charged in the indictment, in the former case, whereof, it was alleged, the appellant was acquitted. If the plea be true, the appellant had been indicted in a court of competent jurisdiction, and tried and acquitted of precisely the same felony wherewith he stands charged in the indictment, in this case, and if these facts existed section 14 of the Bill of Rights. forbade that he should "be put in jeopardy twice for the same offence." If these facts did not exist, the State should have joined issue on the appellant's plea in bar. *Clem* v. *The State,* 42 Ind. 420; *The State* v. *George,* 53 Ind. 434; *Brinkman* v. *The State,* 57 Ind. 76; *Bryant* v. *The State,* 72 Ind. 400. In the case last cited, it was said: "The law does not, and this

court will not, justify or sustain the judgment below in this case, imposing upon the appellant, as it clearly does, a second jeopardy and punishment for one and the same offence."

In the case now before us, the court erred, we think, in sustaining the State's demurrer to the appellant's plea of former acquittal.

As the judgment must be reversed, and perhaps a new trial had, for the error of the court in sustaining a demurrer to the appellant's plea of former acquittal, it would seem to be unnecessary, if not improper, for us now to consider and decide any of the questions arising under the alleged error of the court, in overruling the motion for a new trial. These questions relate chiefly to supposed errors of law, occurring at the trial, and assigned as such errors in the motion for a new trial. We can hardly suppose, that these errors, if such they be, will again occur on another trial of the cause.

The judgment is reversed, and the cause is remanded, with instructions to overrule the State's demurrer to appellant's plea of former acquittal. The clerk will issue the proper notice for the return of the appellant to the sheriff of Montgomery county.