COMMONWEALTH *vs.* HENRY C. FREDERICKS.

SAME *vs.* SAME.

Norfolk.   November 23, 1891. — January 14, 1892.

Present : ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Indictment — Autrefois Acquit — Presumption.*

The mere fact that, in a former indictment for larceny, the description of the things alleged to be stolen was such that the evidence warranting a conviction thereon may also be sufficient to warrant a conviction of larcenies charged in two later indictments, does not of itself raise a presumption that the former offence was the same, so as to support a plea of former acquittal, without further evidence of their identity, especially where in both the later indictments the number of things charged as stolen, and the time of the alleged larceny, differ from the averments of the former indictment, and in one of the later indictments the averment of place also differs.

Two INDICTMENTS, returned into the Superior Court at the December term of 1890, against the defendant for larceny, the first for stealing twenty fowls valued at twenty dollars, at Brookline, on October 11, 1890, and the second for stealing forty fowls valued at forty dollars, at Needham, on September 7, 1890, all the property of persons unknown. Pleas, *autrefois acquit.* The cases were tried before *Bishop,* J., who allowed a bill of exceptions, in substance as follows.

The defendant showed, by the records of the Superior Court, that at the same December term he had been indicted jointly with two others for stealing twenty-five fowls valued at twenty-five dollars, at Needham, on August 28, 1890, the property of persons unknown, and being tried thereon had been acquitted, together with his co-defendants. The judge refused to rule, as requested by the defendant, that as the record stood the pleas should be sustained, as matter of law, and ruled that the pleas raised a question for the jury; and the defendant excepted.

Upon the issues raised by the pleas being submitted to the jury, the defendant called one Burke, a government witness, who testified that he was a witness for the government at the trial of the former indictment, that in the cases at bar he had no further or other testimony to offer than what he had given in the former case where the defendant had been acquitted, and that the defendant was the same Henry C. Fredericks who was tried and acquitted on the former indictment. The defendant produced the record of the indictment and acquittal, and rested. It did not appear by the evidence of Burke to what point he was called in the former case, nor what he had testified in the same; nor did it appear that the evidence to be offered by the government at the trial, on the merits of the cases at the present term, pointed to larceny from the same person or persons as in the former case. The government declined to offer any evidence.

The defendant thereupon asked the judge to rule, as matter of law, that the defendant had made out a *prima facie* case; and that, in the absence of any testimony on the part of the government, the pleas in bar should be sustained, and the jury directed to find for the defendant. The judge refused so to rule, and submitted the question to the jury; and the defendant excepted.

The jury returned a verdict of guilty in each case; and the defendant alleged exceptions.

*L. A. Cook*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, (*A. E. Pillsbury*, Attorney General, with him,) for the Commonwealth.

ALLEN, J.   We infer that these two indictments were tried together, though this is not directly stated.   No objection was made at the trial, or is now made, to this mode of proceeding.

The mere fact that in a former indictment for larceny the description of the things alleged to have been stolen was such that the same evidence which would warrant a conviction upon that indictment might also be sufficient to warrant a conviction of the offences charged in the present indictments, did not of itself raise a presumption that the former offence was the same, so as to support a plea of former acquittal without further evidence of their identity.   However it might be in a case where the former descriptions of the articles, and the averments of the time and place of the offence, so far corresponded as to appear on the face of the indictment to relate to the same larceny subsequently charged, the defendant must go further and prove the identity of the offences in a case like the present, where in both indictments the number of fowls charged to have been stolen, and the time of the alleged larceny, differ from the averments of the former indictment; and in one of the present indictments the averment of place also differs.   *Commonwealth* v. *Sutherland*, 109 Mass. 342.

We are aware that it has sometimes been considered that the production of such a record makes a *prima facie* case for the defendant.   3 Greenl. Ev. § 36.   *State* v. *Smith*, 22 Vt. 74, 77.   *Bainbridge* v. *State*, 30 Ohio St. 264, 273.   But in a case like those now before us we think it better to adhere to the doctrine of *Commonwealth* v. *Sutherland*.

The testimony of Burke was plainly insufficient for the defendant's purpose, and it is not relied on as sufficient in the defendant's brief.

*Exceptions overruled.*