The People ex rel. Daniel Snyder v. Edgar A. Whitney, as Sheriff.

(County Court, Franklin County, December, 1897.)

**Habeas corpus — Certificate of conviction.**

> A sheriff cannot hold a prisoner, as shown by the return to a writ of habeas corpus, upon a "certificate of conviction" and upon "a judgment of conviction," where it appears that the certificate of conviction contains no commitment, nor any statement showing that the magistrate had jurisdiction of the offense; nor is the sheriff assisted by the mere invocation of the judgment of conviction, where the fact of the judgment is not established by him.

Return to a writ of *habeas corpus* petitioning for the discharge of the relator from custody.

C. A. Burke, for relator.

F. G. Paddock, district attorney, for defendant.

Beman, J. The return of the sheriff to the writ issued in this matter showing that the defendant is held by him by virtue of "a judgment of conviction," and that said prisoner was committed to (him) me by virtue of the annexed "Certificate of Conviction" brings up two considerations, the question of a valid legal conviction as well as the question whether after legal conviction the magistrate has made a proper and legal commitment of the defendant to the sheriff of the county (he being the keeper of the common jail).

It does not appear by the return of the sheriff to the writ that he holds the defendant by any other mandate or authority than the certificate of conviction signed by the magistrate before whom the defendant was tried and convicted. That document is the only warrant for the detention of the prisoner. A certificate of conviction is not usually the authority given to the sheriff to receive a prisoner and keep him confined in the common jail, unless such document contain the further command to that effect and purpose. The certificate of conviction is practically the record of the court showing the trial and judgment. A commitment may be em-

bodied in a certificate of conviction provided such certificate contains sufficient authority to the sheriff to receive and detain the prisoner in conformity to the judgment or is properly certified by the magistrate before whom the trial was had, or, by the clerk of the county with whom such certificate should be filed within twenty days after such conviction is had.    Code Crim. Pro., § 723.

There is no commitment in this case.   The authority of the sheriff to hold and detain the prisoner is contained only in the certificate of conviction attached to the return and such certificate is defective in that it does not contain a statement of the magistrate showing his jurisdiction to try or to pass judgment upon the defendant after trial and conviction.   The language of the magistrate is in these words: " The above-named Daniel Snyder having been brought before me, W. E. Hyde, a justice of the peace, of the town of Moira charged with the crime of assault in the third degree, against the person of Henry Delosh, by unlawfully, maliciously and violently striking and beating the said Henry Delosh."

There is an entire absence in the certificate of any statement showing the time when such assault was committed or where it was committed, and from anything that appears in the certificate, it might have been committed anywhere, outside of Franklin county, and at any time.   We think such omissions render the commitment or certificate of conviction noneffective and void.   Matter of Brown, 19 Misc. Rep. 692.   Furthermore, if such certificate could or does operate as a commitment of the defendant to the sheriff of the county, as the keeper of the common jail, it is not in matter of form or substance as the statute provides.   It is not certified either by the magistrate or by the clerk of the county.   Code Crim. Pro., § 725.   There being no commitment or *mittimus* before the court in this case, and the certificate of conviction forming part of the sheriff's return, containing no mandate to the sheriff to receive and confine the prisoner, and being otherwise faulty as herein stated, his detention in the common jail must be considered to such extent as without known authority of law and thus illegal.

But the return further shows that the defendant is held by virtue of a judgment of conviction.   It is a settled question that the officer detaining a prisoner may always assert a legal judgment as his authority for the detention, but the invocation of a judgment in support of his position is not sufficient.   He should be required to establish the fact of such judgment.   In this case no valid judgment is shown by the defendant, nor is it impeached by the relator,

although he attacks or traverses the sheriff's return in that regard. It is plainly to be seen, however, that the sheriff's return is, as a whole, legally traversable, inasmuch as upon the face of the so-called certificate of conviction and commitment, *prima facie*, it does not appear that the court had acquired jurisdiction to render judgment against or pass sentence upon the prisoner.

For these reasons and from these views, the writ should be sustained and the relator discharged from further imprisonment.

Ordered accordingly.