(22 Misc. Rep. 607.)

PEOPLE ex rel. HUNT v. MARKELL.

(Onondaga County Court. February, 1898.)

CERTIFICATE OF CONVICTION—SUFFICIENCY.

Under Code Cr. Proc. § 721, requiring a certificate of conviction to briefly designate the offense, a certificate of conviction of petit larceny need not specify the articles stolen, nor state from whom they were taken.

Application for habeas corpus on the relation of Henry Hunt against John S. Markell. The relator procured a writ, and defendant claimed

to hold relator in his custody under a certificate of conviction worded as follows:

"Whereas, at a court of special sessions, holden before me, the undersigned, Charles Carmichael, recorder of the city of Rome, in said city on that day [i. e. September 29, 1897], the above-named defendant was before said recorder charged with petit larceny in said city on the 25th day of September, 1897, and he having thereupon pleaded guilty to said charge, and failed to demand a jury, and having been duly tried upon said plea, and upon such trial having been duly convicted, it is adjudged that he be imprisoned in the Onondaga County Penitentiary for six months.    Dated September 29, 1897.    Charles Carmichael, Recorder of the City of Rome."

Writ discharged.

Rubin & Tierney, for relator.
George T. Davis, Asst. Dist. Atty., for defendant.

ROSS, J.   It is claimed by the relator's attorneys that the certificate of conviction is insufficient, in that, with other things, it does not state the person from whom the property was taken, and also fails to specify the articles stolen.   Section 721 of the Code of Criminal Procedure requires that a certificate of conviction of a court of special sessions must be substantially in the form set forth in that section, and requires, with other things, that it briefly designate the offense.   Such designation requires such certainty that a jury may deliver an intelligent verdict, that the law may render a proper judgment, and that the defendant may plead the judgment in bar of any other prosecution for the same offense.   People v. Taylor, 3 Denio, 91; People v. Stocking, 50 Barb. 573, 586; People v. Olmsted (Sup.) 26 N. Y. Supp. 818; In re Brown, 19 Misc. Rep. 692, 44 N. Y. Supp. 1096; People v. Whitney, 22 Misc. Rep. 226, 49 N. Y. Supp. 591.

The relator's attorneys rely upon the Brown Case, decided by Mr. Justice Hiscock.   The certificate of conviction in that case was very loosely drawn, and with other objections raised by the attorneys for the relator that it did not state the date of the offense, nor was it in any manner indicated.   The learned justice discharged the relator upon the ground of the failure to specify the date of the offense. The statement of the learned justice of the other facts in the case shows the greater necessity for a specific statement of the date.   That case only decides that "the date of an offense is one of the essential particulars of the description thereof required to be inserted in such a certificate."   In this case the place of the commission of the offense and the date are both set forth: "The above-named defendant was before said recorder charged with petit larceny in said city on the 25th day of September, 1897."   I think, while the specification of the offense might well be more specific, that sufficient appears to give the recorder jurisdiction of the person and of the offense.   Bennac v. People, 4 Barb. 31; Case of Twelve Commitments, 19 Abb. Prac. 394, 401; People v. Johnson, 46 Hun, 668, affirmed 110 N. Y. 134, 17 N. E. 684; People v. West, 106 N. Y. 293, 12 N. E. 610; People v. King, 110 N. Y. 418, 18 N. E. 245.

The principal difficulty in cases of this character, in which the certificate of conviction is somewhat vague, is whether the offense is described with that degree of certainty that the defendant may plead the judgment in bar of another prosecution for the same offense. I think the difficulty in this case, in respect to proving, upon a possible subsequent trial for the same offense, this conviction, is purely imaginary. The test laid down by Mr. Bishop is as follows: ·

"Whether, if that which is set out in a second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be." 1 Bish. Cr. Law (8th Ed.) § 1052, subd. 2.

Where a defendant relies upon an adjudication of the matters in controversy in a former suit, he is not confined to the record alone, but may show by extrinsic proof what particular matters were litigated, provided the matters sought to be shown were within the issues tried. Rake v. Pope, 7 Ala. 161; Williams v. State, 13 Tex. App. 285, 288; Com. v. Sutherland, 109 Mass. 342. The plea of a former acquittal or conviction is a plea of a mixed nature, consisting partly of matters of record and partly of matters of fact. The matters of fact are the averment of the identity of the offense and of the person, and evidence is admissible to show that, in fact, the crimes are the same. Clem v. State, 42 Ind. 420, 423; State v. Maxwell, 51 Iowa, 314, 1 N. W. 666; People v. Cramer, 5 Parker, Cr. R. 171, 178; Abb. Tr. Brief Cr. Cas. § 572, and cases there cited; Freem. Judgm. § 273. The plea of a former conviction is a good plea in bar, however irregular the proceedings before the justice may have been. State v. George, 53 Ind. 434; Brinkman v. State, 57 Ind. 76. The last case cited holds that the defendant is entitled to an acquittal upon the ground of a former acquittal or conviction, if he shows his case has been previously submitted to a court or jury that might have convicted or acquitted him. Bryant v. State, 72 Ind. 400. The pleas of a former acquittal and of a former conviction are favored pleas in this country. Baysinger v. State, 77 Ala. 60.

The only question, upon the return of a writ of habeas corpus to inquire the cause of imprisonment of one detained under an apparently valid legal process, is whether the court has jurisdiction to try the relator. The merits of the conviction are not open for review. People v. Liscomb, 60 N. Y. 570; People v. Neilson, 16 Hun, 214; People v. Markell, 92 Hun, 286, 36 N. Y. Supp. 723. For the reasons heretofore given, the relator must be remanded, and the writ discharged.

Relator remanded, and the writ discharged.