THE PEOPLE, ex rel. JOSEPH LOUGHLIN, Appellant, *v.* JAMES FINN, Warden, etc., Respondent, etc.

Under the Constitution and laws of this State, the crime of petit larceny is not a felony, but simply a misdemeanor, triable and punishable as such.

It is not necessary to set forth in a warrant of commitment issued upon a judgment of a Court of Special Sessions, that the prisoner was convicted of petit larceny charged as a first offense ; it is sufficient if it appears that the conviction was for an offense of which said court had jurisdiction.

(Submitted January 17, 1882; decided January 24, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made December 23, 1881, which affirmed an order of Special Term dismissing a writ of *habeas corpus,* and denying a motion made thereon to discharge the relator. (Reported below, 26 Hun, 58.)

The warrant of commitment under which the relator was held stated that he was convicted in the Court of Special Sessions in and for the county of New York, " of the misdemeanor of petit larceny," and it was ordered and adjudged by said court, that " for the misdemeanor aforesaid," it appearing that he is under the age of sixteen, he be sent to the house of refuge. The motion for the discharge of the prisoner was made upon the ground that said court had no jurisdiction to try the offense, as it was a felony, not a misdemeanor.

*William F. Kintzing* and *George L. Simonson* for appellant. Petit larceny is a felony at common law. (2 Inst. 183 ; 4 Blackst. Com. 99 ; 1 Hall's P. C. 430 ; 1 Hawk. P. C. 146.) All offenses which were felonies under the common law remain such under the laws of this State, unless changed by law. (*Foster* v. *People,* 50 N. Y. 598 ; *Fassett* v. *Smith,* 23 id. 252.) The legislature has not changed the offense of petit larceny by any enactment, and it remains a felony. (2 R. S. 690, § 1 ; id. 702, § 30 ; *People* v. *Adler,* 3 Park. Cr. 249 ; *Ward* v. *People,* 3 Hill, 396 ; *Carpenter* v. *Nixon,* 5 id. 260 ; 6 id. 144 ; *Key-*

*ser* v. *Harbeck*, 3 Duer, 383 ; 2 Colby's Crim. Law, 89.) The Court of Special Sessions of the city and county of New York has no jurisdiction to try charges of petit larceny. (*People, ex rel. Crawford*, v. *Doughty*, 83 N. Y. 240 ; Laws of 1879, chap. 390.) The commitment was fatally defective because it did not set forth that the petit larceny of which defendant was convicted was charged as a first offense. (2 R. S. 699, § 9 ; *People* v. *George Cæsar*, 1 Park. Cr. 645.)

*John McKeon*, district attorney, for respondent. The crime of petit larceny is a misdemeanor. (Penal Code, § 535.) The Court of Special Sessions of the city and county of New York has exclusive jurisdiction to try the offense of petit larceny. (Code of Criminal Procedure, chap. 2, title 7, § 64; *Camford* v. *Doughty*, 83 N. Y. 240 ; *Murray* v. *Special Sessions*, 74 id. 206.)

EARL, J. The important question involved in this case is, whether the crime of petit larceny under the Constitution and laws of this State is a felony or a misdemeanor. This question is not free from doubt, and the able brief presented on behalf of the appellant shows, that much can be said in favor of the contention that petit larceny remains now as at common law a felony. But a careful consideration of the whole subject has led us to the conclusion, that it is no longer a felony in this State, but a mere misdemeanor triable and punishable as such. This conclusion we think is sanctioned by the course of legislation in this State, and by the general understanding of those who both as lawyers and judges have had occasion to administer the criminal law. The offense has long since ceased to have any of the incidents or ear-marks of a felony, and it would lead to much confusion and practical inconvenience now to hold that it is a felony not triable in courts whose jurisdiction is confined to trials of misdemeanors. We can add nothing to what has been said upon the subject in *The People ex rel. Stetzer* v. *Rawson* (61 Barb. 619), *The People ex rel. Comaford* v. *Dutcher* (83 N. Y. 240), and in the two opinions pronounced at the General Term in this case.

It is also claimed, that the warrant of commitment in this case was fatally defective, because it did not set forth that the prisoner was convicted of petit larceny charged as a first offense. It was sufficient that it appeared in the warrant that the conviction was for an offense of which the Special Sessions had jurisdiction. It appeared there that the defendant was convicted of the "misdemeanor of petit larceny," and that was a sufficient description of the crime.

The order should be affirmed.

All concur.

Order affirmed.