(19 Misc. Rep. 692.)

In re BROWN.

(Supreme Court, Special Term, Onondaga County.    March, 1897.)

CRIMINAL LAW—CERTIFICATE OF CONVICTION—DATE OF OFFENSE.
    A certificate of conviction in a court of special session is insufficient
    where it fails to state the date of the offense.

Application by Kirk E. Brown for a writ of habeas corpus to procure his discharge from the Onondaga county penitentiary, in which he was confined under a judgment of a court of special sessions, based on a plea of guilty to a charge of petit larceny. Petitioner discharged.

B. A. Benedict, for petitioner.
M. E. Burlingame, for the People.

HISCOCK, J. Various grounds of objection are urged to the legality of the proceedings under which the relator is now confined. Those relating to the certificate of conviction seem to entitle him to his discharge, and therefore I shall confine my consideration to them. Section 721 of the Code of Criminal Procedure provides for the form of such a certificate of conviction, and requires that it should briefly designate the offense of which the prisoner has been convicted. The certificate in this case, omitting the formal parts, reads as follows:

"Village of Cortland, November 16, 1896.

"The above-named Kirk E. Brown, having been brought before E. E. Mellon, Esq., police justice of the village of Cortland, and forming a court of special sessions, charged with the crime of petit larceny in stealing tobacco and chocolate drops from the store No. 95 Groton avenue, in the village of Cortland, county of Cortland, N. Y., and the above-named Kirk E. Brown having there-

upon pleaded guilty, [and failed to demand] a jury, and having been upon such plea duly convicted of petit larceny, I have adjudged that he be imprisoned in the Onondaga county penitentiary six months, and pay a fine of twenty-five dollars, and be imprisoned until it be paid, not exceeding twenty-five days, in the Onondaga county penitentiary. Dated at the said village of Cortland on the 16th day of November, 1896.　　　E. E. Mellon,

"Police Justice of the Village of Cortland, N. Y."

It will be observed that this certificate, among other things, does not state the person from whom the property was taken, and that it entirely fails to specify the date of the offense. It is stated in the brief of the district attorney that "there is but one mode of rendering judgment, and that is by pronouncing sentence; and there is but one record of the judgment, and that is the certificate of the sentence pronounced." This is undoubtedly correct. People v. Smith, 9 N. Y. Supp. 181. It seems to me that the date of an offense is one of the essential particulars of the description thereof required to be inserted in such a certificate. A person convicted should be entitled to have the date of the offense of which he is convicted so specified that there would never be any danger of or opportunity for second proceedings for the same offense. A reference to the certificate in the case of People v. Finn, 87 N. Y. 533, and cited by the district attorney as authority for the correctness and sufficiency of the certificate here involved, shows that the date of the offense, together with other particulars omitted here, was specified. Therefore, for the reason above indicated, if no other, I am led to the conclusion that the prisoner should be discharged.

Ordered accordingly.