## Franklin County Court.

December, 1897.

## PEOPLE EX REL. DANIEL SNYDER v. EDGAR A. WHITNEY, As SHERIFF.

1. CRIMINAL LAW—CERTIFICATE OF CONVICTION.

Where the authority of the sheriff to hold and detain the prisoner is contained only in the certificate of conviction, latter is defective, where it does not contain a statement of the magistrate showing his jurisdiction to try or to pass judgment upon the defendant after trial and conviction.

2. SAME.

Omission in the certificate of any statement showing the time when such offense was committed, or where it was committed, renders the certificate non-effective and void.

3. SAME—CERTIFIED BY OFFICER.

A certificate of conviction, not certified by either the magistrate or clerk of the county, is not, in matter of form or substance, as the statute provides.

4. SAME—MANDATE.

Certificate of conviction, in absence of commitment or mittimus, which does not contain any mandate to the sheriff to receive and con fine the prisoner, is without known authority of law and, therefore, illegal.

5. HABEAS CORPUS—JUDGMENT.

An officer, detaining a prisoner, may always assert a legal judgment as his authority for the detention, but he must establish the fact of such judgment.

Petition of writ of habeas corpus.

C. A. Burke, for relator.

F. G. Paddock, District Attorney, for defendant.

BEMAN, J.—The return of the sheriff to the writ issued in this matter, showing that the defendant is held by him by virtue of " a judgment of conviction," and that said prisoner " was committed to [him] me by virtue of the annexed certificate of conviction," brings up two considerations,— the question of a valid legal conviction, as well as the question whether, after legal conviction, the magistrate has made a proper and legal commitment of the defendant to the sheriff of the county (he being the keeper of the common jail). It does not appear by the return of the sheriff to the writ that he holds the defendant by any other mandate or authority than the certificate of conviction signed by the magistrate before whom the defendant was tried and convicted. That document is the only warrant for the detention of the prisoner. A certificate of conviction is not usually the authority given to the sheriff to receive a prisoner and keep him confined in the common jail, unless such document contain the further command to that effect and pur-

pose. The certificate of conviction is practically the record of the court showing the trial and judgment. A commitment may be embodied in a certificate of conviction, provided such certificate contains sufficient authority to the sheriff to receive and detain the prisoner in conformity to the judgment, or is properly certified by the magistrate before whom the trial was had, or by the clerk of the county with whom such certificate should be filed within twenty days after such conviction is had. Code Cr. Proc. § 723.

There is no commitment in this case. The authority of the sheriff to hold and detain the prisoner is contained only in the certificate of conviction attached to the return, and such certificate is defective, in that it does not contain a statement of the magistrate showing his jurisdiction to try or to pass judgment upon the defendant after trial and conviction. The language of the magistrate is in these words :

" The above-named Daniel Snyder having been brought before me, W. E. Hyde, a justice of the peace, of the town of Moira, charged with the crime of assault in the third degree, against the person of Henry Delosh, by unlawfully, maliciously, and violently striking and beating the said Henry Delosh."

There is an entire absence in the certificate of any statement showing the time when such assault was committed, or where it was committed, and from anything that appears in the certificate, it might have been committed anywhere outside of Franklin county, and at any time. We think such omissions render the commitment or certificate of conviction noneffective and void. In re Brown. 19 Misc. Rep. 692, 44 N. Y. Supp. 1096. Furthermore, if such certificate could or does operate as a commitment of the defendant to the sheriff of the county, as the keeper of the common jail, it is not in matter of form or substance, as the statute provides. It is not certified either by the magistrate or by the clerk of the county. Code Cr. Proc. § 725. There being no commitment or mittimus before the court in this case and the certificate of conviction forming part of the sheriff's return containing no mandate to the sheriff to receive and confine the prisoner, and being otherwise faulty, as herein stated, his detention in the common jail must be considered to

such extent as without known authority of law, and thus illegal.

But the return further shows that the defendant is held by virtue of a judgment of conviction. It is a settled question that the officer detaining a prisoner may always assert a legal judgment as his authority for the detention, but the invocation of a judgment in support of his position is not sufficient. He should be required to establish the fact of such judgment. In this case no valid judgment is shown by the defendant, nor is it impeached by the relator, although he attacks or traverses the sheriff's return in that regard. It is plainly to be seen, however, that the sheriff's return is, as a whole, legally traversable, inasmuch as upon the face of the socalled " certificate of conviction and commitment," prima facie, it does not appear that the court had acquired jurisdiction to render judgment against or pass sentence upon the prisoner.

For these reasons and from these views, the writ should be sustained, and the relator discharged from further imprisonment. Ordered accordingly.