THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY SULLIVAN, Appellant, *v.* ALEXANDER H. SLOAN, as Keeper of the Erie County Penitentiary, Respondent.

*Certificate of conviction — when it is sufficient.*

A certificate of conviction which recites that "The above-named Harry Sullivan, having been brought before Joseph V. Seaver, Acting Police Justice of the City of Buffalo, charged with petit larceny in stealing one mink boa valued at $18.75, the property of J. N. Adam & Co.," was duly convicted, describes the offense with such certainty that a second conviction could not be had for the same offense, and is not objectionable because it does not state the time when, nor the place where, the larceny was committed.

APPEAL by the relator, Harry Sullivan, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 12th day of January, 1899, dismissing the writ of habeas corpus issued to inquire into the detention of the relator and remanding him to the custody of the defendant.

The facts are not disputed. On the 12th day of October, 1898, the relator, Harry Sullivan, was brought before Joseph V. Seaver, acting police justice of the city of Buffalo, charged with petit larceny in stealing one mink boa valued at eighteen dollars and seventy-five cents, the property of J. N. Adam & Co. On being arraigned before said police justice he pleaded not guilty, was tried, convicted and sentenced to imprisonment in the Erie County Penitentiary for a term of four months.

The certificate of conviction was in the words following, to wit:

" Plea of not guilty.

          " Certificate of Conviction.

"POLICE COURT — COUNTY OF ERIE, CITY OF BUFFALO.

"THE PEOPLE OF THE STATE OF NEW
          YORK

          *against*

     HARRY SULLIVAN.

                              " *October* 12, 1898.

" The above-named Harry Sullivan, having been brought before Joseph V. Seaver, Acting Police Justice of the city of Buffalo, charged with petit larceny in stealing one mink boa valued at $18.75, the property of J. N. Adam & Co., and. having requested to be tried by the Police Court;

" And the above-named Harry Sullivan having thereupon pleaded not guilty and failed to demand a jury, and having been thereupon duly tried, and upon such trial duly convicted,

" I have adjudged that he be imprisoned in the Penitentiary of this county for the term of four months.

" Dated at the City of BUFFALO, the 12th day of *October*, 1898.

                    "JOSEPH V. SEAVER,
          " *Acting Police Justice of the City of Buffalo.*"

. Thereupon the said Harry Sullivan was immediately confined in the penitentiary, pursuant to such sentence and under such certificate of conviction.

Thereafter, and on the 21st day of November, 1898, the relator made his petition to the Supreme Court, setting forth the above facts and alleging that the certificate of conviction under which he was imprisoned and retained in the penitentiary of Erie county was void for the following reasons :

*First.* That such certificate of conviction does not show that this deponent and petitioner was expressly informed as to his right to a trial by jury, or that he expressly waived such right to be tried by jury.

*Second.* That said certificate of conviction does not state, allege or set forth the time and place when said pretended crime was alleged to have been committed.

*Third.* That said certificate of conviction does not show the place of residence or business of the person or persons from whom said goods and chattels were taken, nor the names of said business firm or company.

*Fourth.* That said certificate of conviction does not show that the said court has jurisdiction of the said crime alleged to have been committed.

Upon such petition application was made for a writ of habeas corpus pursuant to the provisions of the Code of Civil Procedure. Such writ was allowed by a justice of the Supreme Court on the 3d day of December, 1898, and directed to the defendant, and upon the return of such writ it was stipulated that the defendant held and detained the relator under such certificate of conviction, and in no other way.

The proceedings came on to be heard before a justice of the Supreme Court on the 3d day of December, 1898, and the above facts appearing before said justice, an order was made dismissing the proceedings and remanding the relator to the custody of the defendant. From that order this appeal is taken.

*Mackey & Bell,* for the appellant.

*Thomas Penney, District Attorney,* for the respondent.

MᶜLᴇɴɴᴀɴ, J. :

The certificate of conviction in this case is in the precise form prescribed by section 721 of the Code of Criminal Procedure, provided the offense for which the relator was convicted is briefly designated in the certificate, as required by the section. In the certificate the offense is designated as follows : " Charged with petit larceny in stealing one mink boa valued at $18.75, the property of J. N. Adam & Co."

We think that such designation was a compliance with the requirements of the section. There can be no question but that the offense is described with such certainty that no other conviction could be had for the same offense, and that would seem to be all that was intended or required by the provisions of the section above referred to.

In this case the certificate of conviction does not state the time when the larceny was committed, nor the place where it was committed, except, inferentially, that it was committed within the jurisdiction of the police justice, but there can be no question that the offense of which the relator was convicted was so fully described that he could not again be convicted of such offense.

The test laid down by Bishop in that regard is stated as follows : " Whether if that which is set out in the second indictment had been proved under the first there could have been a conviction ; when there could, the second cannot be maintained ; when there could not, it can be." (1 Bish. Crim. Law [8th ed.], § 1052, subd. 2.)

Where a defendant relies upon an adjudication of the matters in controversy in a former suit, he is not confined to the record alone, but may show by extrinsic proof what particular matters were litigated, provided the matters sought to be shown were within the issues tried.

Greenleaf, in his work on Evidence (Vol. 3 [15th ed.]. § 36), says : " The former judgment in these cases is pleaded with an averment that the offence charged in both indictments is the same, and the *identity of the offence*, which may be shown by parol evidence, is to be proved by the prisoner. This may generally be done by producing the record and showing that the same evidence which is necessary to support the second indictment would have been admissible and

sufficient to procure a legal conviction upon the first. A *prima facie* case on this point being made out by the prisoner, it will be incumbent on the prosecutor to meet it by proof that the offence charged in the second indictment was not the same as that charged in the first. * * * Thus, if one is indicted for murder committed on a certain day and be acquitted, and afterwards be indicted for the murder of the same person on a different day, the former acquittal may be pleaded and shown in bar, notwithstanding the diversity of days, for the day is not material and the offence can be committed but once."

In the case of *People* v. *Johnson* (110 N. Y. 134) the validity of two commitments was considered by the court, which were made pursuant to section 214 of the Code of Criminal Procedure, which requires that the nature of the crime be briefly stated in the commitment. One of the commitments considered in that case recited that the defendant was held "upon a 'charge of burglary in the third degree,'" and the other that he was held "upon a 'charge of grand larceny in the first degree.'" It was held that such statements of the crime were in compliance with the provisions of the section of the Code above referred to. An examination of the record upon appeal in that case discloses that in those commitments the date of the commission of the crime was not stated, nor was it stated upon whom or against whom such crimes were committed, nor the place where such crimes were committed.

In that case the court say (at p. 141, RUGER, Ch. J.): "The principal point urged to the form of the commitments is that the statement that Charles Johnson was held to answer upon a 'charge of burglary in the third degree,' and in the other commitment that he was held upon 'a charge of grand larceny in the first degree,' were not a compliance with section 214 of the Code of Criminal Procedure, requiring the nature of the crime to be briefly stated therein. We think the statements made were a sufficient compliance with the requirements of the statute."

In the case of *People ex rel. Loughlin* v. *Finn* (87 N. Y. 533) the certificate under which the relator was detained described the offense as "the misdemeanor of petit larceny," and in that case that description was held to be a sufficient description of the crime. In that case the certificate did state the time when the misdemeanor was com-

mitted, but, as before seen, the date is not a material part of the description of the crime.

A large number of other cases might be cited in support of the proposition that the provision of the section of the Code of Criminal Procedure above referred to is complied with, when the offense of which the person is convicted is described with such particularity as to reasonably identify such offense. In this case, notwithstanding the date and place of such offense are omitted in the description contained in the certificate, we think that the offense of which the relator was convicted is described in the certificate with such particularity that it is fully identified, and that he cannot be again convicted or put in jeopardy for such offense. The certificate of conviction in this case is in substantial compliance with section 721 of the Code of Criminal Procedure, and the order dismissing the proceeding and remanding the relator was proper and should be affirmed.

The order appealed from should be affirmed.

All concurred.

Order affirmed.