PEOPLE ex rel. COONEY v. WOOD, Sheriff.

(Cayuga County Court. November 21, 1900.)

CRIMINAL LAW—CERTIFICATE OF CONVICTION—SUFFICIENCY.

 A certificate of conviction showing petit larceny to be the offense of which defendant was convicted sufficiently complies with Code Cr. Proc. § 721, requiring that it should contain a "brief designation of the offense."

Application by the people, on the relation of Eugene Cooney, against George S. Wood, sheriff, for discharge of relator on a writ of habeas corpus. Denied.

J. C. McLaughlin, for relator.

R. J. Burritt, for defendant.

UNDERWOOD, J. It appears that relator is held in the jail of Cayuga county under a certificate of conviction of which the following is a copy:

 "Court of Special Sessions—County of Cayuga, Town of Cato.

 "The People of the State of New York against Eugene Cooney.

             "November 6, 1900.

"The above-named Eugene Cooney having been brought before Oakley S. Dudley, Esq., a justice of the peace of the town of Cato, and forming a court of special sessions, charged with petit larceny, and the above-named Eugene Cooney having thereupon pleaded guilty, and upon such plea duly convicted, it is adjudged that he be imprisoned in the Cayuga county jail sixty days.

 "Dated at the said town the 6th day of November, 1900.

        "Oakley S. Dudley, Justice of the Peace."

It is urged in his behalf that said certificate is fatally defective, in that there is not a sufficient description or designation of the offense to comply with the requirements of section 721 of the Code of Criminal Procedure. It is claimed that the "brief designation of the offense" which that section says the certificate should contain is something more than the mere statutory name of the crime, and that such salient facts relating to the particular offense should be stated as to clearly identify that offense, and furnish proof to protect the prisoner from the danger of a second prosecution for the same offense. In the case of In re Brown, 19 Misc. Rep. 692, 44 N. Y. Supp. 1096, Justice Hickok discharged a prisoner in habeas corpus proceeding because the certificate of conviction omitted to

state the date of the larceny, although it was otherwise described with such a degree of circumstance as to make its identification seem complete. Since that case was decided, however, the appellate division of the supreme court, in this department, has passed upon a somewhat similar case (People v. Sloan, 39 App. Div. 265, 56 N. Y. Supp. 930), in which they expressly hold that the date of the commission of the crime was not material. In the case last cited the description of the offense read as follows: "Charged with petit larceny, in stealing one mink boa, valued at $18.75, the property of J. N. Adam & Co." It was held that this was a sufficient designation of the offense, even if the construction here contended for by relator is to be applied to the language of section 721. The court is, however, careful to point out that where the defense of previous conviction is asserted the defendant is not limited by the record, but may establish the fact that the two prosecutions are for the same offense by evidence outside the record; and the case of People v. Finn, 87 N. Y. 533, is cited as holding that a description of the offense by the very general term "misdemeanor of petty larceny" is sufficient. In the case of People v. Markell (Co. Ct.) 50 N. Y. Supp. 766, which was a proceeding similar to the one here under consideration, Judge Ross, of Onondaga county, held a certificate of conviction sufficient which simply recited that the defendant was before the recorder of the city of Rome, "charged with petit larceny in said city on the 25th day of September, 1897." Here was no description of the crime, except by date and place. The argument was made in that case, as here, that the designation was so vague as to make it difficult for defendant to prove what he had been convicted of, in case of a subsequent prosecution for the same offense. This difficulty is, however, pronounced "imaginary" by the learned judge, and so it seems to me. No matter how vague the record, it is in the power of the defendant, so long as he does not contradict the record, to establish on a second prosecution, by evidence outside the record, precisely what he was convicted of before. The designation of the offense in the case at bar is precisely the same as that held sufficient by the court of appeals in People v. Finn. The decision in the Sloan Case does not seem to me to require any more definite designation, and I shall therefore hold the certificate sufficient. Application denied, and the prisoner ordered remanded.