### Ex parte BARTHOLOMEW.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. CRIMINAL LAW—CONVICTION—JUDGMENT — SUFFICIENCY — PRESUMPTION OF JURISDICTION.

Code Cr. Proc. § 11, gives County Courts, in counties other than New York, original jurisdiction in criminal actions, and by section 39 County Courts have jurisdiction to inquire by the intervention of grand juries into all crimes committed or triable in the county, and to try and determine indictments found therein or sent thereto by the Supreme Court. *Held,* that where a judgment of conviction stated in the caption that it was made at a regular term of a certain county court, and recited that the accused was duly indicted by the grand jury of that county for an assault, etc., jurisdiction will be presumed.

2. SAME—STATEMENT OF OFFENSE—SUFFICIENCY.

    Code Cr. Proc. § 485, provides that a judgment on conviction shall state "briefly the offense for which the conviction has been had," and by Pen. Code, § 219, assault in the third degree is defined, it being the crime formerly known as "assault and battery." *Held*, that a judgment of conviction reciting that accused was convicted of assault in the third degree sufficiently described the offense.

    [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 2538.]

Appeal from Special Term, Albany County.

Application by William B. Bartholomew for a writ of habeas corpus to obtain his release from custody in the Albany County Penitentiary, and from an order discharging the applicant the people appeal. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

George Addington (George M. Palmer and E. A. Dox, of counsel), for appellant.

Henry E. Stern (Henry Hirschfield, of counsel), for respondent.

HOUGHTON, J. The respondent, Bartholomew, was indicted by the grand jury of the county of Schoharie for the crime of assault in the second degree. He was arraigned, and pleaded not guilty, and upon trial in the county court of that county he was convicted by the jury of assault in the third degree on the 5th day of December, 1904, and sentenced to be imprisoned in the Albany County Penitentiary for the term of one year. A certified copy of the judgment of conviction was delivered to the sheriff of the county, who, under it, delivered the respondent to the keeper of the Albany County Penitentiary, lodging such copy with him as authority for the prisoner's detention, pursuant to the provisions of section 486 of the Code of Criminal Procedure. On the 21st day of December, 1904, Bartholomew presented his petition to the recorder of the city of Albany, asking for a writ of habeas corpus to inquire into the legality of his imprisonment, alleging that the judgment under which he was imprisoned and restrained of his liberty was null and void because it did not properly state the crime for which the alleged conviction was had, and, further, that the judgment did not show that the court pronouncing the judgment had any jurisdiction to try or sentence him. A hearing was had, and on the 23d day of December the respondent was discharged from said penitentiary and from any further imprisonment by virtue of the judgment rendered against him. The propriety of this order is the question involved.

The judgment of conviction has a caption stating that it is made at a regular term of the County Court of the county of Schoharie, at which the county judge presided, and recites that the respondent was duly indicted by the grand jury of that county for assault in the second degree, and was duly arraigned and pleaded not guilty, and, having been duly tried, was convicted by a jury of assault in the third degree.

Section 11 of the Code of Criminal Procedure enumerates County Courts, in counties other than in the county of New York, as one of the courts having original jurisdiction in criminal actions, and section 39 of the same Code, amongst other things, provides that County Courts shall have jurisdiction to inquire by the intervention of grand juries of all crimes committed or triable in the county, and to try and determine indictments found therein or sent thereto by the Supreme Court. It does not appear by the judgment whether the indictment against the respondent was found in the County Court or in the Supreme Court. If found in the County Court, the County Court had jurisdiction to try it. If found in the Supreme Court, it had jurisdiction to try upon the indictment being transferred to it. The County Court having jurisdiction, and it being recited that the respondent was duly indicted and tried, in the absence of anything to the contrary it must be assumed that the respondent was properly indicted and properly tried and convicted.

The principal question presented relates to whether the judgment of conviction, which is the process by which the respondent was held in custody, so states the offense for which he was convicted as to satisfy the requirements of section 485 of the Code of Criminal Procedure. That section provides that a judgment upon conviction shall state "briefly the offense for which the conviction has been had." The judgment of conviction herein states that the respondent was duly tried and convicted by a jury of assault in third degree. Assault in third degree is the name of a crime defined in section 219 of the Penal Code, and was formerly commonly known as the crime of "assault and battery." The name of the crime used in the judgment is the name used by the Penal Code. Under an indictment for assault in the second degree it was proper for the jury to convict of a lesser degree of the same crime. Section 35, Pen. Code. Even in the commitment of a magistrate, a statement of the crime according to its statutory definition is sufficient. People ex rel. Loughlin v. Finn, 87 N. Y. 533; People v. Johnson, 110 N. Y. 134, 17 N. E. 684; People ex rel. Allen v. Hagan, 170 N. Y. 50, 62 N. E. 1086. The difficulty with the commitment in the latter case was that it stated simply a violation of a certain section of the Penal Code, which might have been violated in many different ways, the particular way charged not having been pointed out. Even before the Code, a bench warrant was held good which recited only that the relator stood indicted "for contempt." People ex rel. Sherwin v. Mead, 92 N. Y. 415. In People ex rel. Trainor v. Baker, 89 N. Y. 460, the judgment of conviction recited that the relator had been convicted for "an assault and resisting an officer," and sentenced to imprisonment for one year and to pay a fine of $500. The court held that the judgment was good as reciting a simple assault and battery at least, and that the relator could not be discharged until the expiration of his sentence of imprisonment, which was the limit of the punishment for that crime. We think the judgment contained a sufficient description of the offense for which the relator was convicted, and that his discharge from custody was unauthorized.

The order should be reversed, and the writ of habeas corpus quashed, and the relator remanded to the Albany County Penitentiary, there to serve the balance of his sentence.   All concur.