PEOPLE ex rel. BIDWELL v. PITTS, Sheriff.

(Supreme Court, Appellate Division, Third Department. January 19, 1906.)

CRIMINAL LAW—JUDGMENT—CERTIFICATE OF CONVICTION—SUFFICIENCY.

A certificate of conviction which states that defendant was convicted of petit larceny sufficiently designates the crime within Code Cr. Proc. § 721 declaring that a certificate of conviction shall "briefly designate the offense," though it does not state the time when, place where, and person from whom the larceny was committed, the words "petit larceny" being the name of the offense defined by Pen. Code, § 532.

Appeal from Special Term, Albany County.

Proceedings by the people, on the relation of George Bidwell, for a writ of habeas corpus, against Sebastian W. Pitts, as sheriff of Albany county. From an order discharging relator from imprisonment, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-
LOGG, and COCHRANE, JJ.

George Addington, Dist. Atty. (Robert H. McCormic, Asst. Dist.
Atty., of counsel), for appellant.

William E. Woolard, for respondent.

JOHN M. KELLOGG, J.    The relator seeks his liberty without serv-
ing his sentence, on the sole ground that the certificate of conviction by
which he is held by the sheriff is improper and defective in not stating
the time when, the place where, and the person from whom the larceny
was committed.    By section 485 of the Code of Criminal Procedure
the judgment of conviction is required to state "briefly the offense for
which the conviction has been had," and it was held the words "as-
sault in the third degree" was a sufficient compliance with that re-
quirement, as it named the offense used by the Penal Code.    Matter of
Bartholomew, 106 App. Div. 371, 94 N. Y. Supp. 512. · In the case at
bar the certificate of conviction was made by the justice of the peace
in the form required by section 721 of the Code of Criminal Procedure
in such case.    Where that section says "briefly designate the offense"
is inserted the words "petit larceny," which is the precise name of the
offense as defined by section 532 of the Penal Code, and the Bartholo-
mew Case holds that a sufficient designation of the crime.

Section 724 of the Code of Criminal Procedure. declares that a certifi-
cate of conviction in the form required by section 721 and 722 is con-
clusive evidence of the facts stated therein.    There is no allegation here
that the judgment (which the court makes under section 717 of the Code of
Criminal Procedure) is void or defective, as was claimed in the Bar-
tholomew Case.    "A commitment is a warrant, order or process, by
which a court or magistrate directs a ministerial officer to take a
person to prison or to detain him there."    People ex rel. Allen v.
Hagen, 170 N. Y. 46, 49, 62 N. E. 1086.    The form used in the Code
of Criminal Procedure is substantially an adoption of the old common-
law form, as described in the above case.

"Whenever the question has arisen in this court concerning the suf-
ficiency of such a commitment it has been decided substantially in ac-
cordance with the principles above stated, although it has been held
that the statement of the crime according to its statutory definition was
sufficient.    People v. Johnson, 110 N. Y. 134, 17 N. E. 684."    People ex
rel. Allen v. Hagen, 170 N. Y. 50, 62 N. E. 1087.    In People ex rel.
Sullivan v. Sloan, 39 App. Div. 265, 56 N. Y. Supp. 930, the justice
followed the form of the statute in making the certificate, and it did
not state the time or the place of the larceny or that it was committed
in the county.    It was held sufficient.

The certificate in question is in the statutory form, and is sufficient.
The order appealed from, therefore, is reversed, the writ of habeas
corpus quashed and the relator remanded to the custody of the said
sheriff as custodian of said penitentiary, to serve the balance of his
term.    All concur.