PEOPLE ex rel. DINSMORE v. KEEPER OF ERIE COUNTY PENI-
TENTIARY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department.   March 18, 1908.)

1. HABEAS CORPUS—APPEAL BY DISTRICT ATTORNEY.
    Under Code Civ. Proc. § 2059, expressly authorizing the district attorney to appeal from an order discharging a prisoner committed on a criminal accusation, the district attorney had authority to appeal in a proceeding against the keeper of the penitentiary, where the judge who allowed the writ required notice of the proceeding to be given such attorney and he appeared therein.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, §§ 104–106.]

2. CRIMINAL LAW—SUMMARY TRIAL—INFORMATION—SUFFICIENCY.
    An information before a magistrate, made under oath, charging the relator with committing "the crime of misdemeanor, violation of the Penal Code of the state of New York, by wrongfully, unlawfully, willfully,

maliciously, and knowingly committing an act seriously endangering the public peace and openly outraging public decency," was sufficient to support a conviction, especially in the absence of any objection thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 420.]

**3. SAME—DEFENSES—WAIVER OF OBJECTIONS.**

Defects in an information before a magistrate charging accused with a misdemeanor are waived by failure to make objections thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 454.]

**4. SAME—COMMITMENT OR CERTIFICATE OF CONVICTION.**

Where a commitment and certificate of conviction stated that the willful, and wrongful act which openly outraged public decency and of which accused was convicted was in violation of Pen. Code, § 675, it was a sufficient compliance with Code Cr. Proc. § 721, which only requires that the offense shall be briefly designated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 564.]

Appeal from Special Term, Erie County.

Petition for writ of habeas corpus by the people of the state of New York, on the relation of Frank A. Dinsmore, against the keeper of the Erie County Penitentiary, of Buffalo, N. Y. From a judgment discharging relator, the district attorney appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

John K. Patterson, Jr., Dist. Atty., pro se.
George J. Dikeman, for respondent.

KRUSE, J. The order from which this appeal was taken was made upon the return of a writ of habeas corpus issued at the instance of the relator and directed to the keeper of the Erie County Penitentiary. A demurrer was interposed by the relator to the return. While the order does not in terms sustain the demurrer, such was its effect, since it discharged the relator from imprisonment.

The relator was charged with "openly outraging public decency, in violation of section 675 of the Penal Code," and was convicted of that offense upon his plea of guilty, and sentenced to imprisonment in the Erie County Penitentiary for 180 days, as appears by the certified copy of the certificate of conviction upon which the relator was imprisoned, and which is made a part of the return to the writ of habeas corpus. The petition for the writ shows the proceedings before the justice of the peace, and includes copies of the information and depositions, warrant, and docket of the magistrate. The proceedings were had before a justice of the peace of Chautauqua county, where the offense was committed.

It is contended at the outset, on behalf of the relator, that the district attorney is without authority to appeal from the order. The judge who allowed the writ of habeas corpus required notice of the proceeding to be given to the district attorney, and he appeared therein and opposed the order; and section 2059 of the Code of Civil Procedure expressly authorizes a district attorney to appeal from such an order.

It is also urged upon the part of the relator that the proceedings before the magistrate, as well as the certificate of conviction, are defective in failing to show that the relator was charged with or convicted of any specific criminal offense. We think the objections are groundless. Part 5 of the Code of Criminal Procedure relates to Courts of Special Sessions and Police Courts, and includes the sections hereinafter referred to. The magistrate before whom the relator was convicted was acting as a Court of Special Sessions. Section 699 of the Code of Criminal Procedure provides that, when the defendant is brought before the magistrate, the charge against him must be distinctly read to him, and he must be required to plead thereto. In this case it appears he was informed of the charge. Section 700 provides that the defendant may plead the same pleas as upon an indictment, as provided in section 333; that his plea must be oral and entered upon the minutes of the court. That was done in this case. Section 717 provides that when the defendant pleads guilty or is convicted, either by court or jury, the court must render judgment thereon of fine or imprisonment, or both; that the fine cannot exceed $50 or the imprisonment 6 months. In this case the imprisonment was for 180 days, and no fine was imposed. Section 721 provides that when a conviction is had the court must make and sign a certificate substantially in form as prescribed in that section, briefly designating the offense. The original certificate is required to be filed in the office of the county clerk within 20 days after the conviction, and the certificate or certified copy thereof is conclusive evidence of the facts stated therein. The judgment must be executed by the sheriff of the county, or a constable, marshal, or policeman of the city, village, or town in which the conviction is had, upon receiving a copy of the certificate, certified by the court or county clerk. Sections 723–725, of the Code of Criminal Procedure. Such was the course of procedure in this case. The warrant was issued upon an information, made under oath, charging the relator with committing "the crime of misdemeanor, violation of section 675 of the Penal Code of the state of New York, by wrongfully, unlawfully, willfully, maliciously, and knowingly committing an act seriously endangering the public peace and openly outraging public decency," and supported by depositions in writing showing in detail the particular acts which the relator committed, constituting the offense, which, if true, clearly establish that the defendant was guilty of the offense with which he was charged and of which he was convicted. Assuming that the objections made on behalf of the relator to the proceedings had before the justice of the peace, are reviewable upon a proceeding of this character, we think the proceedings were in substantial compliance with the provisions of the Code of Criminal Procedure. But even if there was lacking that precision in stating the charge which the statute requires, as contended on behalf of the relator, he, not having raised the question before the magistrate, waived the defect. People v Carter, 88 Hun, 304, 34 N. Y. Supp. 764; People v. Wiechers, 179 N. Y. 459, 72 N. E. 501; People ex rel. Schneider v. Hayes, 108 App. Div. 6, 95 N. Y. Supp. 471.

It is, however, contended on behalf of the relator that the commitment itself (which is a certified copy of the certificate of conviction) is

defective. The precise alleged defect pointed out is that it omits to state the particular act or acts that the relator committed which openly outraged public decency; that, even if it was permissible to state the offense generally, it should have been supplemented with the further statement that such an act is one for which no other punishment is expressly provided by the Penal Code, as is stated in section 675 of the Penal Code. It does not seem to me that the objection is well taken, since it is stated in the certificate that the willful and wrongful act which openly outraged public decency, and of which the relator was convicted, is in violation of section 675 of the Penal Code. That states an offense with sufficient definiteness and precision to comply with the provisions of section 721 of the Code of Criminal Procedure, which only requires that the offense shall be briefly designated. People ex rel. Ryan v. Webster, 86 Hun, 68, 33 N. Y. Supp. 337; People ex rel. Forbes v. Markell, 92 Hun, 286, 36 N.Y. Supp. 723; People ex rel. Bidwell v. Pitts, 111 App. Div. 319, 97 N. Y. Supp. 509.

The order appealed from should be reversed, the writ of habeas corpus quashed, and the relator remanded to the custody of the keeper of the Erie County Penitentiary to serve the balance of his term. All concur.