# COUNTY COURT—ONONDAGA COUNTY,

## April, 1911.

## THE PEOPLE v. VERNON EARING.

### (71 Misc. 615.)

(1). BETTING AND GAMING—VILLAGE LAW, § 93; CODE CRIM. PRO., § 899.

A village ordinance which prohibits both the keeping and the use of a place for gambling and provides that a violation thereof shall constitute disorderly conduct and that the offender shall be a disorderly person is not within the inhibition of section 93 of the Village Law which provides: "An ordinance of a village shall not declare any conduct to be disorderly conduct, or that the person violating the same shall be a disorderly person, if any statute of the state shall declare such conduct to be disorderly or constitute the person a disorderly person," though by section 899 (4) of the Code of Criminal Procedure keepers of houses for the resort of gamesters are declared to be disorderly persons.

(2.) SAME—RAFFLE FOR TURKEYS, CHICKENS, ETC.

A defendant who advertised and had a raffle in his saloon, located in a village having such an ordinance, in which turkeys, chickens, etc., were disposed of by chance, is properly convicted of a violation of said ordinance.

(3.) SAME—CERTIFICATE OF CONVICTION.

The certificate of conviction in such case is sufficient where it refers to the ordinance and states the facts constituting its violation; and a failure to state that defendant was convicted of being a disorderly person is not fatal.

(4.) SAME.

A commitment stating that defendant was convicted of " viol. ord. 12 of the village of East Syracuse, N. Y., in allowing his place to be used for gambling purposes," is sufficient.

(5.) SAME—WAIVER BY PLEA OF GUILTY.

Defendant by a plea of guilty and failure to raise any objection before the magistrate waived any defect in the proceedings not jurisdictional.

APPEAL from a judgment of a justice of the peace of the town of DeWitt, Onondaga county, N. Y., convicting the defendant of violating ordinance 12 of the village of East Syracuse, N. Y., in allowing his place to be used for gambling purposes, and imposing a fine of twenty-five dollars.

*William F. Rafferty* (*George B. Dolsen,* of counsel), for appellant.

*George W. Standen,* Assistant District Attorney, for People.

Ross, J.:

The facts were that the defendant advertised and had a raffle in his saloon, in which turkeys, chickens, etc., were disposed of by chance.

The defendant was convicted of a violation of an ordinance of the village of East Syracuse, known as ordinance 12, which reads as follows: " No person shall have or keep a house, or building, or room or place in this village in which any keno table, faro bank, shuffle board, bagatelle, playing cards, dice or any instrument, device, thing or things whatsoever shall, by or with the consent or permission or knowledge or privity of such person, be kept or used for gambling purposes, or for the purpose of playing for money or other property, or to obtain or secure money or other property by chance.  Any person violating this ordinance or any of its provisions shall be liable to a penalty of $25 for each offense.  And it is further ordained that a violation of this ordinance shall constitute disorderly conduct and that the person violating the same shall be a disorderly person."

Section 899 of the Code of Criminal Procedure contains the following: " Who are disorderly persons.—The following are disorderly persons: * * * 4. Keepers of bawdy houses or houses for the resort of prostitutes, drunkards, tipplers, gamesters, habitual criminals or other disorderly persons; * * * "

Section 93 of the Village Law reads as follows: "Violation of ordinances.—The board of trustees of a village may enforce obedience to its ordinances by prescribing therein penalties for each violation thereof, not exceeding one hundred dollars for any offense. In addition to the penalty the board may also ordain that a violation thereof shall constitute disorderly conduct and that the person violating the same shall be a disorderly person; and such violation shall constitute disorderly conduct and such person shall be a disorderly person. An ordinance of a village shall not declare any conduct to be disorderly conduct or that the person violating the same shall be a disorderly person, if any statute of the state shall declare such conduct to be disorderly or constitute the person a disorderly person. Every such ordinance shall be void in so far as it violates the provisions of this section."

It is claimed by the appellant that ordinance 12 comes within the inhibition of section 93 of the Village Law, in that the ordinance in question and subdivision 4 of section 899 of the Criminal Code declare the same persons to be disorderly persons and the same conduct to constitute disorderly conduct. At first there would seem to be some force in this claim, which arises from the use in both acts of the word "keep" and its derivatives. In the Code—"Keepers of bawdy houses * * * Keepers of houses for the resort of various classes, of undesirables including gamesters." In the ordinance— "No person shall have or keep a house * * * or room in which any keno table * * * playing cards or dice * * * shall, by or with the consent or permission or knowledge or privity of such person, be kept or used for gambling purposes." But the apparent similarity is superficial, not real. The section of the Criminal Code deals with petty offenses, triable by a magistrate, and seeks, primarily, to compel the person charged with a violation thereof to give security for good behavior. Its provisions are framed rather to prevent than to punish crime.

The section does not prescribe punishment for the crime of keeping gambling apparatus, or for the crime of keeping a gambling establishment. These offenses are defined and their punishment is fixed by the provisions of article 88 of the Penal Law, sections 790-997. The ordinance prohibits both the *keeping* and the *use* of a place for gambling. It is directed against keeping a place for gambling purposes. The section of the Criminal Code prohibits the keeping of a resort for gamblers, and is aimed at the character of the frequenters of the place, not at what they do therein. For instance, upon the trial of a person charged with a violation of the Criminal Code in question, in that he kept a resort for " habitual criminals," it would not be necessary to show that the crimes, which may be made a basis of a judgment that a person is a habitual criminal, were, or any of them, committed in defendant's place. Keeping a resort for thieves does not even imply that larceny is committed therein.

It is claimed by the appellant that a place where gambling is done must be a resort for gamblers; that they must be present to do the gambling. This is rather a play on words than a correct analysis of the language of the ordinance. This, for several reasons. *First.* The ordinance can be violated, even if no gambling is done in the place. The prohibition of the ordinance extends to having or keeping a house or room, etc., where the forbidden apparatus is kept for the purpose of gambling; and it would not be necessary for the People to wait for its actual use to secure a conviction. *Second.* To secure a conviction under the ordinance because of the use of the appliances prohibited, the character of the persons who gambled, whether gamblers by occupation or only chance participants, is entirely immaterial. It is the keeping of the room and the forbidden appliances for the purpose of gambling and also the use of the same for that purpose which are forbidden.

Imagine a charge against this defendant under the provision of section 899 of the Code of Criminal Procedure. He would say, with other pleas: " My place is not a resort for gamblers (a) because these men (assuming that they are gamblers) were never here before; " it takes more than one visit to make a place a resort; (b) also that the men engaged in this affair were not gamblers; it takes more than a single throw of the dice to make a man a gambler within the meaning of section 899. For the reasons set forth, it seems to me that the claim that the ordinance is void, as being within the inhibition contained in section 93 of the Village Law, is not well taken.

The objection that the certificate of conviction does not disclose that the defendant was convicted of being a disorderly person is not, in my judgment, fatal. The commitment refers to the ordinance which it is claimed was violated, and states the facts constituting violation. I think it is sufficient. People ex rel. Ryan v. Webster, 86 Hun, 68; People ex rel. Sullivan v. Sloan, 39 App. Div. 265; Matter of Bartholomew, 106 id. 371; People ex rel. Bidwell v. Pitts, 111 id. 319; People v. Johnson, 110 N. Y. 134, 142; People ex rel. Dinsmore v. Keeper, 125 App. Div. 137.

In the case of People ex rel. Allen v. Hagan, 170 N. Y. 46, relied on by the defendant in this connection, the order of commitment only referred to the section of the Penal Code claimed to have been violated; and, as stated by Mr. Judge O'Brien on page 51, it was claimed upon the argument of that appeal that the section in question contained fifteen different acts which are, or may be, offenses against it, some of them excusable and some of them felonies. There can be no doubt that a general reference to the section in such a case is insufficient.

The ordinance in this case can only be violated in two ways, in *keeping* or allowing a place to be *used* for gambling

purposes. The commitment states that he was convicted of " viol. ord. No. 12 of the village of East Syracuse, N. Y., in allowing his place to be used for gambling purposes." This states in fact both possible violations, for he could not allow it to be used without also keeping it.

Any defect, not jurisdictional, can be, and was, waived by the defendant in not raising the objection before the magistrate, and by the plea of guilty. People v. Rathbun, 21 Wend. 509-542; People v. Carter, 88 Hun, 304; Jones v. Foster, 43 App. Div. 33, 37; People ex rel. Dinsmore v. Keeper, 125 id. 138.

The three cases last cited are decisions of the Appellate Division of this department. A plea of guilty " is a record admission of whatever is well alleged in the indictment." 2 Bish. Crim. Law [4th ed.), § 795, subd. 2.

The judgment and commitment affirmed.

Judgment affirmed.