THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEY TODD, Relator, against WILLIAM G. MARSDEN, as Superintendent of the Onondaga County Penitentiary, Defendant.

Supreme Court, Special Term, Onondaga County, November 20, 1948.

*A. Fairfax Montague* for relator.

*William H. Bowers, District Attorney (Frank Del Vecchio* of counsel), for defendant.

SEARL, J. This is the return of a writ of habeas corpus. Relator was sentenced by George S. Mayer, a Justice of the Peace of the Town of Middletown, Delaware County, New York, on the 4th day of October, 1948, to serve a term of 100 days in the Onondaga County Penitentiary and, in addition, pay a fine of $10. The relator bases his application for release on the ground that the certificate of conviction did not state the time or place where the alleged offense of public intoxication took place, and did not give any description or facts of the same, and did not refer to any violation of any laws of the State of New York. A copy of the certificate of conviction reads as follows:

Court of Special Sessions  
Town of Middletown ⎬ss.:  
County of Delaware

Town of Middletown

THE PEOPLE OF THE STATE OF NEW YORK  
     against      Dry Brook, N. Y., October 4, 1948.  
NEY TODD

The above named Ney Todd having been brought before George S. Mayer, Justice of Special Sessions, and a Justice of the Peace of the Town of Middletown in said County, charged with Public Intoxication And having thereupon pleaded Guilty, and failed to demand a jury, and having been thereupon duly tried and upon such trial, duly convicted it is adjudged that he be imprisoned in the Onondaga County Penitentiary 100 days, and in addition thereto pay a

fine of 10 dollars or be confined in said Onondaga County Penitentiary an additional 10 days.

Dated at the Town of Middletown
the 4th day of October
nineteen hundred and 48.

GEORGE S. MAYER
Justice of the Peace
of the said Town.

Then follows the usual certification.

Section 721 of the Code of Criminal Procedure sets forth the form of certificate to be used. The present form is identical to the one contained and set forth in chapter 360 of the laws of 1882, with the exception that the law, as amended by chapter 484 of the laws of 1934, inserts the words: "other than for a traffic infraction" when speaking of a conviction, and provides the words " nineteen hundred and " instead of " eighteen hundred ", because of the change of the century. Section 1221 of the Penal Law provides that any person intoxicated in a public place may be arrested without warrant while so intoxicated and be taken before a magistrate having jurisdiction for examination on a charge for public intoxication. "* * * If such charge is sustained the court or magistrate shall: * * * 2. Impose upon such person a fine not exceeding ten dollars or a sentence of imprisonment not exceeding six months, or both such fine and imprisonment * * *."

Thus is answered the objection as to whether the certificate refers to any violation of the laws of the State of New York.

The relator bases his claim for release upon an opinion of Justice HISCOCK in *Matter of Brown* (19 Misc. 692). This opinion was rendered in 1897 at a time when the then Justice HISCOCK, later Chief Judge of the Court of Appeals, was sitting in Special Term for Motions in Onondaga County.

In the *Brown* case (*supra*) the certificate of conviction failed to state the person from whom certain property was taken, and failed to specify the date of the offense. Justice Hiscock held that the date of an offense was one of the essential particulars of the description thereof, that failure to specify the date was fatal, that a person convicted should be entitled to have the date of the offense " so specified that there would never be any danger of or opportunity for second proceedings for the same offense."

It is apparent that following this decision certificates of conviction in Onondaga County thereafter provided for the insertion of the date when, and place where, the offense was committed.

In 1899, Mr. Justice McLENNAN, a contemporary of Justice HISCOCK, writing in *People ex rel. Sullivan* v. *Sloan* (39 App. Div. 265 [4th Dept.]), for a unanimous court, held that a certificate was valid that failed to state the time when or place where

a larceny was committed. The argument contained in the opinion of Justice HISCOCK in the *Brown* case to the effect that a person convicted should be entitled to this information to avoid danger of a second conviction for the same offense, was met by the reply in the *Sloan* case (*supra*) that a defendant might show, should the occasion arise, what particular matters were litigated in the first conviction, by extrinsic proof. Reference to the record on appeal in the *Sloan* case indicates the Appellate Division considered the opinion in the *Brown* case, as the latter is referred to as an authority supporting the claim of the relator appellant.

Various authorities are cited in the *Sloan* case to the effect that the date or place of the commission of the crime in no way invalidates the commitment. (See *People* v. *Johnson,* 110 N. Y. 134; *People ex rel. Loughlin* v. *Finn,* 87 N. Y. 533.) The test seems to be, as indicated in the *Sloan* case, whether the offense of which the person is convicted " is described with such particularity as to reasonably identify such offense." (39 App. Div. 265, 270, *supra.*)

Again we find in *People ex rel. Dinsmore* v. *Keeper of Penitentiary* (125 App. Div. 137 [4th Dept.]) it was claimed that a certificate was defective in omitting to state the particular act or acts that relator committed which openly outraged public decency. The certificate charged violation of section 675 of the Penal Code. This decision held that section 721 of the Code of Criminal Procedure only requires that the offense be briefly designated. In the case at bar, the expression " public intoxication ", which is easily understood by even the most illiterate, meets the requirements. In *People ex rel. Bidwell* v. *Pitts* (111 App. Div. 319), the court held that the words " petit larceny " were a sufficient designation to comply with the statute.

It is perfectly apparent that a certificate of conviction need not set forth with minuteness such allegations as are required of an information wherein the defendant must be advised in order to properly protect his rights. The certificate is a record only to the effect that the conviction has been completed. According to section 746 of the Code of Criminal Procedure the certificate is conclusive evidence of the facts therein stated.

The certificate in the case at bar goes further than to designate the offense. It meets the requirements of the form prescribed by section 721 of the Code of Criminal Procedure.

For the reasons above set forth, the writ must be dismissed and the relator remanded to the custody of the superintendent to serve the balance of his term.

Order accordingly.